**In re Arvid R. MOE, p/d/b/a Moe Motor Company, Debtor.**

**Bankruptcy No. 94–11602–7.**

United States Bankruptcy Court, D. Montana.

March 14, 1995.

Stephen C. Mackey, Billings, Montana for Debtor.

Laura Christoffersen, Wolf Point, Montana, for Citizens First National Bank.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor filed a motion on January 17, 1995, under 11 U.S.C. § 522(f) to avoid the judgment lien of Citizens First National Bank (Bank), in the sum of $216,937.81, as impairing the Debtor's homestead exemption. Hearing on the matter was held February 14, 1995. Both parties have filed memoranda in support of their respective positions.

The facts are undisputed. The Bank obtained a judgment against the Debtor on September 20, 1991, for the above sum in Cause No. 10357 in Montana Fifteenth Judicial District Court, Roosevelt County. The Debtor and Debtor's spouse recorded a Homestead Declaration pursuant to Mont. Code Ann. § 70–32–105 through 107 on October 12, 1990, and claim the property is exempt in this bankruptcy case. The Bank presented an appraisal of the property fixing

the fair market value at $63,900. The Debtor owns the property subject to the homestead in joint tenancy with Debtor's spouse, thereby making the Debtor a 50 percent (50%) owner of the property under Montana law as of the bankruptcy petition date, November 8, 1994. Further, the property is subject to a valid first lien for unpaid real property taxes of $5,535.27.

Mont.Code Ann. § 70–32–104(1) limits a homestead to a monetary value of $40,000 and subsection (2) further provides:

> If a claimant who is an owner of an undivided interest in real property claims a homestead exemption, he is limited to an exemption amount proportional to his undivided interest.

*See, In re Loeb,* 12 Mont.B.R. 524, 533 (Bankr.Mont.1993).

The Debtor's interest in the real property has a value of $31,950, which is subject to the Debtor's proportional homestead interest of $20,000.

Debtor's motion to avoid the Bank's judicial lien is based upon § 522(f)(1). Congress' recent amendments to § 522(f) by the Bankruptcy Reform Act of 1994, P.L. 103–394, determine the result of the pending motion. Neither party in their memorandum discusses the recent legislation.

The holding of *In re Chabot,* 992 F.2d 891 (9th Cir.1993),[1] was legislatively reversed by The Bankruptcy Reform Act of 1994, Section 303, by amending Section 522(f) to provide a definition of impairment as follows:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if their were no liens on the property;

---

1. In *Chabot,* the equity in the debtor's home was $400,000. There were prior liens on the property. totaling at least $125,000 and the state homestead exemption was $45,000. The debtor sought to avoid a subsequent judgment lien on the home of $240,000, which the court found attached to the debtor's equity in the home. The court held since the homestead exemption would not be diminished, i.e., it would be paid before the CNB judgment, the exemption was not impaired, and thus could not be avoided under § 522(f). 992 F.2d at 894–95.

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

■ Unlike *Chabot*, using the new mathematical formula of § 522(f)(2)(A), a judgment lien will impair a debtor's homestead exemption to the extent the sum of that judgment lien, other avoidable liens, if any, and the applicable exemption exceed the value of the debtor's interest in the property. This new amendment applies to cases filed after October 22, 1994. The Debtor's petition was filed November 8, 1994, and so § 522(f)(2)(A) applies.

The section-by-section description of the Bankruptcy Reform Act of 1994, P.L. 103–394, adopted by the House includes the following pertinent analysis of Section 303:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), that was favorably cited by the Supreme Court in *Owen v. Owen*, [500 U.S. 305, 313, n. 5,] 111 S.Ct. 1833, 1838, n. 5, [114 L.Ed.2d 350].
>
> \*    \*    \*    \*    \*    \*
>
> The second situation is where the judicial lien the debtor seeks to avoid is partially secured. Again, in an example where the debtor has a $10,000 homestead exemption, a $50,000 house and a $40,000 first mortgage, most commentators and courts would have said that a judicial lien of $20,000 could be avoided in its entirety. Otherwise, the creditor would retain all or part of the lien and be able to threaten post-bankruptcy execution against the debtor's interest which, at the time of the bankruptcy is totally exempt. However, a few courts, including the Ninth Circuit in *In re Chabot*, 992 F.2d 891 (9th Cir.1992), held that the debtor could only avoid $10,000 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,-000 lien attached to the debtor's exempt interest in property. This in turn will result, at a minimum, in any equity created by mortgage payments from the debtor's post-petition income—income which the fresh start is supposed to protect—going to the benefit of the lienholder. It may also prevent the debtor from selling his or her home after bankruptcy without paying the lienholder, even if that payment must come from the debtor's $10,000 exempt interest. The formula would not permit this result.

H.R.Rep. No. 835, 103rd Cong., 2nd Sess., U.S.Code Cong. & Admin.News 3340, P. 159–60 (1994), 1994 WL 562232.

The holding of *Chabot* which is now overruled is—

> Under the plain meaning of the statute, then, an exemption is not impaired unless its amount is diminished in value. CNB's lien has no impact on the Chabot's ability to recover their $45,000 homestead exemption. Therefore, it is not impaired and cannot be avoided. *Id.* at 895.

In addition, the case of *In re Simonson*, 758 F.2d 103 (3rd Cir.1985) is also reversed by P.L. 103–994. *Simonson* held that where the Debtor has no equity in the homestead property, no impairment of the homestead exemption exists, and thus a judicial lien cannot be avoided. *Id.,* 758 F.2d at 105. Finally, Section 303 amendments likewise overruled *Ivie v. Frey (In re Ivie)*, 165 B.R. 477 (Bankr.Mont.1994) and *In re Galvan*, 110 B.R. 446 (9th Cir. BAP 1990), both of which relied on the *Simonson* case.

■ Using the new legislative formula of § 522(f)(2)(A), the sum of the judgment lien ($216,937.81), the tax lien ($5,535.27) and the amount of exemption the Debtor can claim ($20,000), totals $242,473.08, and exceeds the value of the Debtor's interest in the property ($31,950), or what the Debtor would have in

the absence of the judgment lien, by $210,-523.08. Therefore, the Bank's judgment lien is avoidable under § 522(f) to the extent of $210,523.08, and not avoidable to the extent of $6,414.73.[2]

IT IS ORDERED the motion of the Debtor to void the judgment lien of Citizens First National Bank dated September 20, 1991, in the Montana Fifteenth Judicial District, Roosevelt County, Montana, Cause No. 10357, is granted in part and denied in part; the Bank's judgment lien is avoided to the extent of $210,523.08; and the Bank's judgment lien is allowed as a secured claim in the sum of $6,414.73, with the balance as a general, unsecured claim.

2. The same result would be reached under the somewhat different formula from *Brantz*, 106 B.R. at 68:

1. Property value on which judicial lien is sought to be awarded    $31,950.00
2. Deduct liens not to be avoided    ( 5,535.27)

3. Deduct Debtor's allowable exemptions    (20,000.00)
    6,414.73

4. Since (3) results in a positive figure, do not allow avoidance of liens to that extent only. (Citing *In re Magosin*, 75 B.R. 545, 547 (Bankr.E.D.Pa.1987).