USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-1917
 IN RE: THOMAS J. SILVEIRA,
 
 Debtor.

 EAST CAMBRIDGE SAVINGS BANK,

 Appellant,

 v.

 THOMAS J. SILVEIRA,

 Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 
 Selya and Stahl, Circuit Judges.
 
 

 Leonard M. Frisoli, with whom Frisoli & Associates was on
brief, for appellant.
 Richard S. Hackel for appellee.

April 21, 1998

 
 STAHL, Circuit Judge. This bankruptcy appeal requires us
to decide the extent to which a Chapter 7 debtor may, pursuant to
11 U.S.C. 522(f)(1) & (f)(2)(A), avoid the fixing of a judicial
lien on the debtor's property, when the market value of the
property exceeds the sum of (1) all consensual (non-judicial) liens
on the property and (2) the amount of the debtor's exempt interest
under 11 U.S.C. 522(d). We hold that, in such a situation,
section 522(f)(1) permits the avoidance of the targeted judicial
lien only in part, not in its entirety. Because the district court
concluded otherwise, we vacate the judgment and remand for further
proceedings.
 I.
 The debtor and appellee in this action, Thomas J.
Silveira, owns, as his primary residence, a property that has been 
stipulated for purposes of this appeal to have a fair market value
of $157,000. The property is subject to a mortgage of $117,680. 
The appellant, East Cambridge Savings Bank ("the Bank"), holds a
$209,500 judicial lien (other than a judicial lien that secures a
debt) on the property.
 On May 9, 1995, Silveira filed a voluntary petition under
Chapter 7 of the Bankruptcy Code, 11 U.S.C. 301 et seq. He
claimed an exemption of $15,000 in the property pursuant to 11
U.S.C. 522(d)(1). Silveira then filed a motion to avoid the
Bank's $209,500 judicial lien pursuant to 11 U.S.C. 522(f)(1) and
 522(f)(2)(A). The bankruptcy court ruled that those provisions
permitted the debtor to avoid the Bank's lien in its entirety and
thus granted Silveira's motion. The Bank appealed to the district
court, arguing that on the facts of this case, 522(f)(1) &
(f)(2)(A) permitted only a partial avoidance of its judicial lien. 
The district court disagreed and entered an order affirming the
bankruptcy court's determination. This appeal followed.
 II.
 The Bankruptcy Code provides every debtor with a personal
power to avoid certain types of liens that would impinge upon
interests that the debtor would otherwise be entitled to claim as
exemptions from the bankruptcy estate. 11 U.S.C. 522(f)(1). 
Judicial liens are principal targets for this avoidance power:
 (f)(1) . . . [T]he debtor may avoid the fixing
 of a lien on an interest of the debtor in
 property to the extent that such lien impairs
 an exemption to which the debtor would have
 been entitled under [ 522(b)], if such lien
 is--

 (A) a judicial lien, other than a judicial
 lien that secures a debt . . . .

11 U.S.C. 522(f)(1)(A).
 In the years leading up to the Bankruptcy Reform Act of
1994 ("1994 Act"), a wide divergence of views developed concerning
the circumstances in which a judicial lien could be deemed to
"impair" an exemption within the meaning of 522(f)(1), and the
precise extent to which liens causing such impairment could be
avoided. See, e.g., 2 David G. Epstein, Steve H. Nickles & James
J. White, Bankruptcy 8-28, at 560 (West 1992) (describing various
approaches). In an effort to resolve this discord, Congress
included in the 1994 Act an amendment to 522(f), which added the
following new subsection:
 For the purposes of this subsection, a lien
 shall be considered to impair an exemption to
 the extent that the sum of--

 (i) the lien;
 (ii) all other liens on the property; and
 (iii) the amount of the exemption that
 the debtor could claim if there were no
 liens on the property;

 exceeds the value that the debtor's interest
 in the property would have in the absence of
 any liens.

11 U.S.C. 522(f)(2)(A).
 In this case, it is undisputed that the sum of the
targeted judicial lien ($209,500), all other liens ($117,680) and
the amount of the debtor's exemption ($15,000) exceeds the
(stipulated) value of the debtor's property ($157,000), by
$185,180. Thus, the Bank's judicial lien clearly does "impair" an
exemption of the debtor within the meaning of 522(f)(2)(A). The
question here concerns the extent of the debtor's power under
 522(f)(1) to alleviate this "impairment."
 The district court concluded that once a debtor's power
of avoidance is triggered by the fact of an impairment of whatever
size, that power permits the debtor to avoid the judicial lien
causing the impairment in its entirety. The court thus held that
Silveira was entitled to avoid the entire amount of the Bank's
$209,500 lien. The Bank now argues that the district court
misapplied 522(f)(1)(A), and that Silveira is in fact entitled to
avoid only so much of the Bank's lien as necessary to prevent
impairment of the debtor's exemption within the meaning of
 522(f)(2)(A). We agree.
 As an initial matter, we find unpersuasive Silveira's
argument that the "plain language" of the statute supports the
district court's view. On the contrary, the language of the
relevant provisions seems to us to support the Bank's position. 
Section 522(f)(1) permits a debtor to "avoid the fixing of a lien
on an interest of the debtor in property to the extent that such
lien impairs an exemption [of the debtor]." 11 U.S.C. 522(f)(1)
(emphasis added). Section 522(f)(2)(A), similarly, provides that
a judicial lien "impair[s] an exemption to the extent that" the
targeted lien, in combination with other liens and the value of the
debtor's exemption, exceeds the value of the debtor's property. 11
U.S.C. 522(f)(2)(A) (emphasis added). If Congress intended for
avoidance of judicial liens to be an "all-or-nothing" matter, one
might wonder why the provisions' drafters chose to use the
connective phrase "to the extent that," in lieu of the word "if,"
which obviously would have been a simpler construction. See In re
Furkes, 65 B.R. 232, 235 (D.R.I. 1986) ("The 'to the extent that'
clause cannot be seen as some sort of legislative slip of the pen.
. . . [H]ad Congress intended . . . an all-or-nothing proposition,
it would have drafted the statutory language more infrangibly
. . . ."). The statutory directive that a debtor may avoid a
judicial lien "to the extent that" the lien impairs an exemption
favors or is at least readily amenable to reading the
definition of "impairment" in 522(f)(2)(A) not only as a
condition of avoidability, but also as a proportional measure of
the scope of the debtor's avoidance power.
 But even if the statute's language does not settle the
issue, the debtor's proposed interpretation is unacceptable in view
of the statute's intended purposes. Consider the following two
hypothetical scenarios:
 Hypothetical A: The debtor owns a primary
 residence with a market value of $100,000,
 subject to an outstanding mortgage balance of
 $55,000, a judicial lien of $30,000 (not
 securing a debt), and no other liens. The
 debtor is entitled, under 522(d)(1), to
 claim an exemption of $15,000 with respect to
 the property.

 Hypothetical B: Same as Hypothetical A, except
 that the debtor's property is subject to a
 judicial lien of $30,001 instead of $30,000.

 In Hypothetical A, we can see that the sum of the
judicial lien ($30,000), other liens ($55,000) and the debtor's
exemption ($15,000) does not exceed the value of the debtor's
property ($100,000). Thus the judicial lien in Hypothetical A does
not impair the debtor's exemption within the meaning of
 522(f)(2)(A), and the debtor is not entitled to avoid any portion
of that lien under 522(f)(1).
 In Hypothetical B, however, the sum of the judicial lien
($30,001), other liens ($55,000) and the debtor's exemption
($15,000) does exceed the property's value (by $1), and so the
targeted judicial lien is deemed under 522(f)(2)(A) to impair the
debtor's exemption. Under Silveira's proposed interpretation, the
fact of this impairment requires that the debtor in Hypothetical B
be permitted to avoid the $30,001 judicial lien in its entirety. 
Thus, as Silveira would have it, a $1 increase in the amount of the
(unavoidable) judicial lien in Hypothetical A would result in the
debtor's acquiring the power to avoid the lien in full.
 We find it difficult to conceive of any reason that would
counsel in favor of interpreting 522(f)(1)(A) & (f)(2)(A) to
produce such a result. The district court, in siding with
Silveira, suggested that denying debtors the right to avoid in fullany judicial lien that impairs an exemption would "circumvent"
Congress's goal of providing debtors with a "fresh start" after
bankruptcy and would thus frustrate the basic purpose of
 522(f)(1). The problem with this argument, however, is that it
proves too much.
 The implication of the district court's reasoning is that
the statute effects a general policy against the fixing of judicial
liens with respect to property in which the debtor holds an exempt
interest. Clearly, however, the statute cannot be read so broadly. 
Section 522(f) unquestionably contemplates that in some
circumstances see, for example, Hypothetical A above a judicial
lien up to some calculable amount will not be deemed to impair the
debtor's exemption and hence will not be subject to the debtor's
avoidance power. But if, in such a circumstance, the statute would
not permit the debtor to avoid any judicial lien smaller than that
calculable amount, it would seem arbitrary and unfair to permit a
creditor to avoid the entirety of a judicial lien that was largerthan that amount. Thus, if 522(f)(1) would permit the fixing of
a $30,000 judicial lien on the facts of Hypothetical A above, then
it would border on the absurd not to permit the holder of a $30,001
judicial lien, on otherwise identical facts, to pursue the fixing
of its lien up to the amount of $30,000.
 This reasoning compels an analogous result in this case. 
 Here, the sum of the debtor's exemption ($15,000) and all
consensual liens on his property ($117,680) is $24,320 less than
the value of the property ($157,000); in other words, there is
$24,320 of excess equity available. This means that if the Bank's
judicial lien here had been for $24,320 or less, that lien would
have been absolutely unavoidable under 522(f)(1), because there
would have been no "impairment" within the meaning of
 522(f)(2)(A). The fact that the Bank's actual lien is for more
than $24,320 surely provides no reason to place the Bank in a
position worse than it would have been had its lien originally been
limited to that amount. Fairness requires, therefore, that the
Bank be permitted to pursue the fixing of its $209,500 judicial
lien up to the amount of $24,320.
 In more intuitive terms, it is obvious that the value of
the debtor's property in this case is sufficient to cover the
entire amount of the debtor's mortgage ($117,680) plus his claimed
exemption ($15,000), with $24,320 of equity to spare. Nothing in
 522(f)(1) or 522(f)(2) can be read to require that this excess
equity be preserved either for the debtor or the bankruptcy estate,
rather than being made available for the partial satisfaction of a
judicial lien. And, as shown above, the fixing of a judicial lien
in an amount equal to this excess equity would not create any
impairment of the debtor's $15,000 exemption. See 11 U.S.C.
 522(f)(2)(A). It follows that no legitimate purpose underlying
the statute would be served by permitting Silveira to avoid so much
of the Bank's lien $24,320 as could be covered by the excess
equity available in the property.
 In summary, we apply 522(f)(1)(A) and 522(f)(2)(A) to
the facts of this case as follows. First, pursuant to
 522(f)(2)(A), we determine that the sum of (i) the targeted
judicial lien ($209,500), (ii) all other liens ($117,680), and
(iii) the amount of the debtor's exemption ($15,000) which sum
equals $342,180 exceeds the value that the debtor's property
would have in an unencumbered state ($157,000), and exceeds that
value by $185,180. Thus, the Bank's judicial lien impairs the
debtor's exemption to the extent of $185,180. Because Silveira is
entitled to avoid the Bank's lien to the extent of any impairment,
Silveira is entitled to avoidance in the amount of $185,180. See11 U.S.C. 522(f)(1)(A). The remainder of the Bank's judicial
lien, in the amount of $24,320 ($209,500 minus $185,180), is not
subject to avoidance by the debtor under 522(f)(1)(A).
 We note that this result follows the approach recently
adopted by this Circuit's Bankruptcy Appellate Panel. See In re
Finn, 211 B.R. 780 (1st Cir. BAP 1997); accord In re Ryan, 210 B.R.
7 (Bankr. D. Mass. 1997); In re Corson, 206 B.R. 17 (Bankr. D.
Conn. 1997); In re Moe, 199 B.R. 737 (Bankr. D. Mont. 1995); seealso 2 Norton Bankruptcy Law & Practice 2d 46:23, at 334-35
(Supp. 1997) (applying same approach); David G. Carlson, Security
Interests on Exempt Property After the 1994 Amendments to the
Bankruptcy Code, 4 Am. Bankr. Inst. L. Rev. 57, 65 (1996) (same).
 III.
 We add a postscript concerning the legislative history of
11 U.S.C. 522(f)(2)(A). The House Report that accompanied the
1994 Act makes negative reference to two cases In re Gonzalez,
149 B.R. 9 (Bankr. D. Mass. 1993) and In re Chabot, 992 F.2d 891
(9th Cir. 1993) which both endorsed conclusions similar to the
one we reach here today. But we, like other courts who have
addressed this issue, find it difficult to draw any reliable
inferences from the House Report's allusions to these two cases. 
See Ryan, 210 B.R. at 10-12; Moe, 199 B.R. at 739-40.
 First, the various hypothetical factual scenarios
sketched out in the House Report do not speak to the circumstances
of this case, insofar as those scenarios all posit situations in
which the debtor has no equity in his or her property over and
above the sum of the claimed exemption and all liens other than the
judicial lien being targeted for avoidance. See H.R. Rep. No. 103-
835, at 52-54 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3361-62. 
It is only when such excess equity is available that the question
presented in this case arises at all.
 Second, to the extent that the drafters of the
legislative history intended Gonzalez and Chabot to serve as real-
world examples of the hypothetical scenarios sketched in the
Report, the Report misreads both cases. The fact patterns in
Gonzalez and Chabot unlike the hypothetical scenarios posited in
the House Report presented situations in which there was some
equity in the debtor's property in excess of the debtor's exemption
and all non-judicial liens. See Gonzalez, 149 B.R. at 10; Chabot,
992 F.2d at 892; see also Ryan, 210 B.R. at 10-11 (describing the
facts of Gonzalez and Chabot). Because the authors of the House
Report apparently believed that the facts of their hypothetical
cases were analogous to the facts of Gonzalez and Chabot, it
appears they incorrectly understood the rule adopted in those cases
to permit only partial avoidance of judicial liens even in
situations where there was no available equity in the debtor's
property. In actuality, the rule of Gonzalez and Chabot, like the
rule we adopt here, only limits the debtor's avoidance power under
 522(f)(1) to the extent that there is equity available in the
property in excess of the debtor's exemption and all non-judicial
liens on the property.
 Finally, the import of the House Report's negative
references to Chabot and Gonzalez is rendered even more doubtful by
the Report's statement that the measure of "impairment" set forth
in 522(f)(2)(A) is based upon the formula articulated in In re
Brantz, 106 B.R. 62 (Bankr. E.D. Pa. 1989). See H.R. Rep. No. 103-
835, at 53, 1994 U.S.C.C.A.N. at 3361. The outcomes reached in
Chabot and Gonzalez are consistent with the approach to avoidance
adopted in Brantz. See Brantz, 106 B.R. at 68; see also Ryan, 210
B.R. at 10-12 (discussing Gonzalez, Chabot and Brantz); Moe, 199
B.R. at 739-40 (explaining that the Brantz formula permits only
partial avoidance of judicial liens where there is some equity in
debtor's property in excess of the debtor's exemption and all
consensual liens). We conclude, therefore, that the House Report's
apparent criticisms of the Chabot and Gonzalez cases do not, on
scrutiny, provide any meaningful support for Silveira's position in
this case.
 IV.
 The interpretation of 11 U.S.C. 522(f)(1)(A) and 522
(f)(2)(A) advocated by the Bank is consistent with the text of
those provisions, fully vindicates the statute's basic purpose, and
averts the unfair consequences that the debtor's interpretation
would entail. Because the district court rejected the approach we
adopt here, we vacate the judgment below and remand this case for
further proceedings consistent with the principles set forth
herein.
 So Ordered.