

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALICIA MARIE RICHARDS,<br><div align="center">Debtor.</div> | BAP No. CC-22-1183-GFS<br><br>Bk. No. 8:21-bk-10635-SC |
| ALICIA MARIE RICHARDS,<br><div align="center">Appellant,</div><br>v.<br>RYAL W. RICHARDS,<br><div align="center">Appellee.</div> | Adv. No. 8:22-ap-01067-SC<br><br>**MEMORANDUM*** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Alicia Marie Richards ("Alicia") appeals the

bankruptcy court's order remanding all family law matters to the Orange

County Superior Court, Family Law Division, including the action

commenced by her ex-husband, Ryal W. Richards ("Ryal"),[2] to determine

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] Because the parties share a last name, we refer to them by first name to avoid

his interest in proceeds from the sale of their jointly owned home (the "Residence").

The bankruptcy court previously granted stay relief to allow Ryal to litigate all family law matters in state court. The court then approved a sale of the Residence and ordered the chapter 7 trustee to withhold half of the $600,000 homestead exemption pending a determination by the state court of Ryal's interest. After Ryal filed a motion in state court seeking payment of $300,000, Alicia filed a notice of removal, and the bankruptcy court granted Ryal's motion to remand. The bankruptcy court did not abuse its discretion. We AFFIRM.

## FACTS

### A.    Prepetition events

In 2015, Ryal commenced divorce proceedings in state court. *Richards v. Marshack (In re Richards)*, BAP Nos. CC-21-1262-SGL, CC-21-1266-SGL, 2022 WL 16754394, at *1 (9th Cir. BAP Nov. 7, 2022). At the time, Ryal and Alicia owned the Residence as joint tenants.

In 2017, the parties signed a stipulation for judgment which provided for Alicia to refinance the Residence and buy out Ryal's community property interest within three weeks. If Alicia was unable to do so, the stipulation required the sale of the Residence and an equal division of

_____

confusion. No disrespect is intended.

proceeds. In accordance with the stipulation, the state court entered a final dissolution judgment in January 2018.

Alicia was unable to buy out Ryal's interest, and she failed to cooperate with the requirement to sell the Residence. She moved to set aside the dissolution judgment based on fraud and duress, but the state court denied the motion, and the California Court of Appeal affirmed. *In re Marriage of Richards*, Case No. G055927, 2020 WL 104357, at *9-13 (Cal. Ct. App. Jan 9, 2020).

Although Alicia did not appeal the dissolution judgment, she filed several post-judgment motions to stop enforcement of the dissolution judgment and sale of the Residence. *In re Richards*, 2022 WL 16754394, at *1. The state court denied her motions and none of her appeals were successful. *Id.* In disposing of Alicia's fifth appeal, the Court of Appeal noted, "[c]ontrary to [Alicia's] contention on appeal, the former couple's respective rights concerning the [Residence] were determined long ago by the final marital dissolution judgment." *Id.* (quoting *In re Marriage of Richards*, Case No. G057803, 2020 WL 5902889, at *5 (Cal. Ct. App. Oct. 6, 2020)).

In July 2019, the state court entered an order granting Ryal exclusive use, possession, and control of the Residence. Ryal sought to evict Alicia, and after an unsuccessful chapter 13 filing and a second eviction attempt, Alicia filed the current chapter 7 case in March 2021.

B.     **The bankruptcy and sale of the Residence**

3

Alicia scheduled the Residence as an asset of her bankruptcy estate and listed it as community property. In May 2021, Ryal sought stay relief to pursue claims in state court, including modification of child support and custody orders, a claim for attorney's fees, and to evict Alicia and sell the Residence.

The bankruptcy court granted stay relief to allow all matters before the state court to proceed, except for those related to the sale of the Residence and Alicia's eviction. The bankruptcy court reasoned that granting stay relief to allow family law litigation to be fully adjudicated in state court was entirely consistent with Ninth Circuit precedent and noted that the bankruptcy court cannot be used to avoid adverse state court rulings.

The trustee then moved to sell the Residence for a price substantially higher than the aggregate value of liens against the property. The bankruptcy court approved the sale over objections from Alicia and her father, Lawrence Remsen. Alicia and Remsen each appealed, and we affirmed. *In re Richards*, 2022 WL 16754394, at *1.

After the court approved the sale of the Residence, the chapter 7 trustee sought approval to pay Ryal $300,000, which represented one half of the exempt proceeds, because the dissolution judgment required an equal division of net proceeds. Alicia opposed the motion and argued that Ryal was not entitled to any of the homestead exemption because the dissolution judgment was void.

After a hearing, the bankruptcy court ordered the chapter 7 trustee to interplead $300,000 with the state court or hold the funds in a segregated account pending an order from the state court. The court reasoned that the exempt proceeds were no longer property of the estate and distribution would have no effect on the administration of the bankruptcy estate. The court further reasoned that whether Ryal was entitled to half of the proceeds was a matter of state law, including the state court's interpretation of its own orders, and held, "the state court should make the final determination as to which party is entitled to the Remaining Proceeds."

## C.    Removal of the state court action and the court's decision to remand

After the bankruptcy court's order, Ryal filed a motion in state court seeking payment of the $300,000. The day after being served with Ryal's motion, Alicia removed the state court action to bankruptcy court and asserted it was related to her bankruptcy case.[3]

In response, Ryal filed a motion for remand under 28 U.S.C. § 1452(b). He argued that the bankruptcy court specifically held that his entitlement to half of the exempt proceeds was a matter of state law and should be decided by the state court. Ryal noted that the bankruptcy court already decided that the $300,000 held by the trustee was not property of

---

[3] Alicia removed the entire state court case to the bankruptcy court. At the time of removal, the state court had pending evidentiary hearings involving modification of child support and custody, spousal support, and attorney's fees and costs.

the estate and, thus, Alicia's removal was a ploy to delay the matter, confuse the issue, or otherwise circumvent the bankruptcy court's prior order.

Alicia opposed remand and claimed that the question of Ryal's interest in the funds involved a simple contract dispute based on the stipulation. She maintained that the state court lacked jurisdiction because: (1) she filed a motion in bankruptcy court to vacate the order permitting the trustee to interplead or hold the funds; and (2) the state court lost jurisdiction when it violated Alicia's substantive due process rights.

In reply, Ryal noted that Alicia had previously argued the stipulation was not valid and the state court was the proper forum to litigate any disputes regarding the dissolution judgment. He also informed the court that Alicia had twice unsuccessfully attempted to remove the state court action to federal court based on her contention that the state court violated her due process rights. Ryal argued that the notice of removal was part of a long history of Alicia's attempts to delay the orders of the state court.

In September 2022, the bankruptcy court vacated the hearing and entered an order remanding all family law matters to the state court. The court applied the factors enumerated in *Deen v. Deen (In re Deen)*, BAP No. SC-21-1035-BSF, 2022 WL 2048485, at *6 (9th Cir. BAP June 7, 2022),[4] and

---

[4] The factors identified in *Deen* are:

      (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

      (2) extent to which state law issues predominate over bankruptcy

determined that equitable remand was appropriate based on the law and facts articulated in the pleadings. The court specifically held: (1) the action would have little to no material effect on the bankruptcy; (2) state law issues predominated; (3) there were no difficult or unsettled issues of federal law; (4) the action involved no bankruptcy issues; (5) jurisdiction was based on 28 U.S.C. § 1334(b); (6) there were no severability of issues to consider; (7) it appeared that Alicia was forum shopping; and (8) comity with state court favored equitable remand. Alicia timely appealed.

## JURISDICTION

---

issues;

>  (3) difficult or unsettled nature of applicable law;
>  (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
>  (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334;
>  (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
>  (7) the substance rather than the form of an asserted core proceeding;
>  (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in the state court with enforcement left to the bankruptcy court;
>  (9) the burden on the bankruptcy court's docket;
>  (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>  (11) the existence of a right to a jury trial;
>  (12) the presence in the proceeding of nondebtor parties;
>  (13) comity; and
>  (14) the possibility of prejudice to other parties in the action.

*In re Deen*, 2022 WL 2048485, at * 6 (quoting *Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820-21 & n.18 (9th Cir. BAP 2009)).

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by remanding the state court action under 28 U.S.C. § 1452(b)?

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's decision on a motion to remand. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416 (9th Cir. BAP 1999). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Pursuant to 28 U.S.C. § 1452(b), a bankruptcy court may remand a proceeding removed from state court on "any equitable ground." The remand standard "is an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. at 417. The statute does not define what constitutes "any equitable ground," but we have identified factors which courts may consider in determining whether to remand. *In re Cedar Funding, Inc.*, 419 B.R. at 820-21 & n.18. The

bankruptcy court applied those factors and concluded that remand was warranted.

On appeal, Alicia argues that: (1) the question of Ryal's interest in the proceeds was a core proceeding that would have a significant effect on administration of the bankruptcy estate; (2) the state court lost jurisdiction because of a pending appeal and its violation of Alicia's due process rights; and (3) the bankruptcy court could have efficiently resolved the issue by granting declaratory relief.[5]

Bankruptcy courts have discretion to remand core proceedings under 28 U.S.C. § 1452(b). *See id.* at 820 ("That the matter is core does not preclude a discretionary remand. . ."). But here, none of the claims involved in the state court litigation constitute core bankruptcy proceedings.

Alicia suggests that the question of Ryal's interest in the proceeds is intertwined with bankruptcy issues because the dispute arose only by virtue of the bankruptcy court's orders pertaining to the sale and homestead exemption. We disagree. The division of property interests in the Residence was decided long ago by the dissolution judgment. *See In re Marriage of Richards*, 2020 WL 590889, at *5. The bankruptcy court merely authorized the trustee to sell estate property and prudently directed the parties to the state court to resolve their dispute about Ryal's entitlement to

---

[5] Alicia also filed a motion to strike portions of appellee's answering brief which she asserts are unsupported by citations to the record. We find no basis to strike; the motion is DENIED.

half of the proceeds—a dispute that directly involved interpretation of the state court's judgment and application of state law.

Alicia claims that resolution of the dispute will have a significant effect on administration of the bankruptcy estate. But the bankruptcy court correctly observed that the exempt proceeds were no longer property of the estate. *See Galvan v. Galvan (In re Galvan)*, 110 B.R. 446, 449 (9th Cir. BAP 1990), *superseded by statute on other grounds as recognized in In re Moe*, 199 B.R. 737, 739 (Bankr. D. Mont. 1995) (citing *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 616 n.8 (9th Cir. 1988)). Thus, whether Ryal was entitled to half of the exempt proceeds would have no impact on administration of estate assets.

Moreover, Alicia's contention that the state court lost jurisdiction is baseless. She argued the state court lost jurisdiction by violating her right to due process and equal protection under the law. Alicia does not clearly articulate how the state court violated her rights, but the alleged violations apparently stem from the entry of the original dissolution judgment. Alicia provides no basis why the state court cannot interpret its own judgment or why her arguments about the validity of that judgment should not be, or were not already, decided in state court.

Finally, we see no error in the bankruptcy court's conclusion that the factors favored remand. Contrary to Alicia's argument, the court was not required to consider all fourteen factors identified in *Cedar Funding* or *Deen. See In re Cedar Funding, Inc.*, 419 B.R. at 820 ("Courts may consider up to

fourteen factors under [28 U.S.C. § 1452(b)]."). And the court was not required to set an evidentiary hearing; the basis for remand was amply supported by the pleadings and the record itself and did not require resolution of disputed facts.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order remanding all family law issues to the state court.