Roger Stanford, Stanford & Schall, New Bedford, MA, for debtors.

Richard E. Burke, Jr., Beauregard & Burke, New Bedford, MA, for Robert Vierra.

**In re David A. GARRO and Paula V. Garro, Debtors.**

**Bankruptcy No. 93–19173–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 20, 1993.

## BENCH DECISION ON MOTION TO AVOID LIENS

WILLIAM C. HILLMAN, Bankruptcy Judge.

Debtors move to avoid a judicial lien and a levy of execution under 11 U.S.C. § 522(f). Both affect the interest of David Garro only. The undisputed figures are as follows:

| | | |
|---|---:|---:|
| Value of property | | $110,000.00 |
| First mortgage | $35,147.28 | |
| Second mortgage | 31,779.00 | |
| Third mortgage | 29,086.58 | ( 96,012.86) |
| Value over consensual liens | | $ 13,987.14 |
| David Garro's one-half interest | | $ 6,993.57 |
| Grossman's attachment | $ 2,500.00 | |
| Viera execution | 2,706.81 | (5,206.81) |
| Value over judicial liens | | $ 1,786.76 |

While David Garro claimed an exemption of $7,500.00, the exemption cannot exceed the value of his one-half interest, or $6,993.57. This is the total of the two judicial liens plus the remaining equity.

Eighteen months ago I ruled that § 522(f) authorizes the avoidance of a judicial lien only to the extent that it impairs the debtor's exemption. *In re D'Amelio,* 142 B.R. 8 (Bankr.D.Mass.1992). In that decision I also ruled that the technique to be used is to place the priority of the exemption ahead of the impairing judicial liens, without affecting the amount of those liens.

Eleven months ago, Chief Judge Queenan addressed the issue and considered my

*D'Amelio* ruling in *In re Gonzalez,* 149 B.R. 9 (Bankr.D.Mass.1993). He agreed with me as to the first point—the judicial lien is not eliminated altogether without regard to the amounts involved—but disagreed as to the second. He regarded the proper treatment of impairing liens to be reduction in the amount of the impairing liens. *See also Bellenoit v. Avco Leasing Services (In re Bellenoit),* 157 B.R. 185, 187 (Bankr.D.Mass.1992) (Judge Kenner).

Judge Queenan correctly pointed out that the distinction was meaningless as a practical matter under the facts of *D'Amelio* and *Gonzalez,* 149 B.R. at 11, and that fact was true in *Bellenoit* as well. In the present case, however, there would be a major difference in the results. Under my prior ruling, I would leave the two judicial liens intact, albeit behind the exemption. *Gonzalez* would fully avoid both liens.

I have given a good deal of thought to this issue, and have concluded that I was wrong and Judge Queenan was correct as to the effect of the priming of the judicial liens by the exemption. I will hereafter adopt his view. Where, as here, the judicial liens must be fully avoided in order to preserve the exemption, the liens will be completely eliminated. Where this is not necessary, the liens will be reduced as necessary.

The Grossman's attachment is avoided in full. The Viera execution will be treated in accordance with the agreement of the parties as reflected in the order presented to the Court.