In re Mary B. FINN.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,**

v.

**Mary B. FINN, Appellee.**

**BAP No. MB 96–067.**

United States Bankruptcy Appellate Panel of the First Circuit.

Sept. 5, 1997.

Frank M. Cadigan, Franklin, MA, on brief for appellant.

Stephen F. Gordon, Boston, MA, Christopher J. Battaglia, Wilmington, DE, and Gordon & Wise, Boston, MA, on brief for appellee.

Before GOODMAN, VAUGHN, and de JESUS, Bankruptcy Judges.

VAUGHN, Bankruptcy Judge.

The Federal Deposit Insurance Corporation ("FDIC") has appealed an order of the United States Bankruptcy Court for the District of Massachusetts avoiding its liens in full pursuant to 11 U.S.C. § 522(f) as impairing the Debtor–Appellee's exemption in residential property located in Dover, Massachusetts, which is owned by the Debtor–Appellee and her spouse as tenants in the entirety. The Bankruptcy Appellate Panel has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. We review findings of fact for clear error and we review conclusions of law de novo. Fed.R.Bankr.P. 8013; *Piccicuto v. Dwyer*, 39 F.3d 37, 40 (1st Cir.1994). For the reasons discussed below, we reverse the bankruptcy court's decision in part.

### FACTS

Mary B. Finn, the Debtor–Appellee, filed a petition under Chapter 7 of the Bankruptcy Code on August 7, 1996. On her schedules, the Debtor–Appellee listed residential real estate in Dover, Massachusetts, which she

valued at $225,000.[1] She also listed on her schedules the following mortgages and liens attaching to the property: a $66,965.34 first mortgage obtained by Needham Co–Operative Bank in October 1990, a $87,932.00 second mortgage obtained by Bank of Boston in April 1992, a $1,300,000 lien obtained by the FDIC on June 14, 1990, and a $766,552.63 lien obtained by the FDIC on September 8, 1994. The Debtor–Appellee also claimed a $15,700 exemption in the property pursuant to 11 U.S.C. § 522.[2]

On September 11, 1996, the Debtor–Appellee filed a motion to avoid the FDIC's liens to which the FDIC filed an objection on October 16, 1996. The Debtor–Appellee filed a response to the FDIC's objection on October 23, 1996. The bankruptcy court held a hearing on October 30, 1996 at which Judge Hillman granted the Debtor–Appellee's motion. The FDIC subsequently filed a notice of appeal.

## DISCUSSION

■ The issue before the Court is whether the bankruptcy court erred in ruling that the Debtor–Appellee is entitled to the total avoidance of the FDIC's liens pursuant to 11 U.S.C. § 522(f). Without much analysis of the statutory language in question, Judge Hillman ruled from the bench that the "Bankruptcy Reform Act makes it clear that if a lien impairs an exemption it can be avoided completely" and held that "the [FDIC's] lien is avoided one hundred per cent."

The FDIC filed an appeal because in its view it is entitled to retain its lien in an amount equal to the Debtor–Appellee's equity in the property above the consensual liens and exemption. Section 522(f)(1) of the Bankruptcy Code provides:

Notwithstanding any waiver of exemption but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(a) a judicial lien. . . .

11 U.S.C. § 522(f)(1). In 1994, Congress enacted the Bankruptcy Reform Act which introduced the arithmetic formula in section 522(f)(2)(A) in order to determine whether a lien impairs an exemption. The formula of section 522(f)(2)(A) provides:

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—the lien;

(i) all other liens on the property; and

(ii) all other liens on the property; and

(iii) the amount that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Prior to the enactment of the formula in section 522(f)(2)(A), the extent to which a lien could be avoided if it impaired an exemption varied from court to court, even in Massachusetts. Most courts avoided the lien in full if it impaired an exemption and there were no remaining equity to which the lien could attach. *In re Witkowski,* 176 B.R. 114 (Bankr. D.Mass.1994); *In re Princiotta,* 49 B.R. 447 (Bankr.D.Mass.1985). Some courts, however, merely subordinated the judicial liens to the debtor's consensual liens and exemption; in other words, even if there were no non-exempt equity to which the liens could attach, the liens would remain intact in order to catch any future appreciation in the value of the property. *In re D'Amelio,* 142 B.R. 8

---

1. Although the FDIC disputed the value given by the Debtor–Appellee, it admitted during oral argument that the FDIC had waived this issue on appeal.

2. There is no explanation in the record as to how the Debtor–Appellee took an exemption in the amount of $15,700 when the homestead exemption contained in 11 U.S.C. § 522(d)(1) limits the amount to $15,000. Presumably, the Debtor–Appellee also used the wildcard exemption of 11 U.S.C. § 522(d)(5).

(Bankr.D.Mass.1992). In cases in which there was equity beyond the debtor's consensual liens and exemptions, the avoidance of liens by courts also varied. Some courts avoided the lien only to the extent necessary to preserve the dollar amount of the debtor's claimed exemption and permitted the lien to attach to any appreciation in the value of the property over time. *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993) *vacated, Gonzalez v. First Nat'l Bank of Boston*, 191 B.R. 2 (D.Mass.1996); *In re Carney*, 47 B.R. 296 (Bankr.D.Mass.1985); *see In re Garro*, 161 B.R. 869 (Bankr.D.Mass.1993). Other courts permitted the lien to attach to the equity in the property existing at the date of the bankruptcy filing and avoided only that portion of the lien which exceeded the equity. *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989).

The legislative history indicates that the formula in section 522(f)(2)(A) was based upon the decision in *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), which was cited favorably by the United States Supreme Court in *Owen v. Owen*, 500 U.S. 305, 313 n. 5, 111 S.Ct. 1833, 1838 n. 5, 114 L.Ed.2d 350, 360 n. 5 (1991). The *Brantz* court set forth the following formula for determining lien avoidance under section 522(f)(1):

(1) Determine the value of the property on which the judicial lien is sought to be avoided;

(2) Deduct the amount of all liens not to be avoided from (1);

(3) Deduct the Debtors' allowable exemptions from (2);

(4) Avoidance of all judicial liens results unless (3) is a positive figure;

(5) If (3) does result in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only.

*Brantz*, 106 B.R. at 68. As noted by both parties, the *Brantz* test and the formula adopted by Congress differ. The FDIC reconciles the formulae by asserting that step 5 of the *Brantz* test reflects the application of the phrase "impairs an exemption to the extent" that is found in section 522(f)(2)(A). Several post-amendment cases reconcile the two and support the FDIC's position that the Debtor–Appellee is only entitled to partial avoidance of its liens since equity exists in the real property beyond the consensual liens and the exemption. *See In re Moe*, 199 B.R. 737, 739–40 (Bankr.D.Mont.1995); *In re Johnson*, 184 B.R. 141, 147 (Bankr.D.Wyo. 1995); *In re Thomsen*, 181 B.R. 1013, 1016 (Bankr.M.D.Ga.1995).

Both Judge Feeney of the United States Bankruptcy Court for the District of Massachusetts and Judge Young of the United States District Court for the District of Massachusetts recently ruled on the issue facing the Court in *In re Ryan*, 210 B.R. 7 (Bankr. D.Mass.1997) and *East Cambridge Sav. Bank v. Silveira*, No. 96–11388–WGY (D.Mass. June 30, 1997). After reviewing the legislative history, Judge Young concluded that "the proper application of section 522(f)(2)(A) requires the avoidance of the entire lien if it impairs a debtor's exemption in any amount" despite the existence of equity to which a portion of the judicial lien could attach. *Silveira* at 7. We disagree with Judge Young. Rather, as Judge Feeney noted, review of the analysis contained in the legislative history is not necessary where the plain meaning of the statute is conclusive. *Ryan* at 12 (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989) and *Summit Invest. and Dev. Corp. v. Leroux*, 69 F.3d 608, 610 (1st Cir.1995)). We agree with Judge Feeney that the cases cited in the legislative history do not fit the examples discussed there.[3] *Id.* at 10–11.

■ Accordingly, we undertake the application of the formula to the facts of this case. We first note, however, that because section 522(f)(2)(B) provides that "[i]n the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subpara-

---

**3.** We note that in *Silveira* Judge Young affirmed an earlier decision of Judge Feeney. Apparently, Judge Feeney has reversed her position on the lien avoidance issue.

graph (A) with respect to other liens," the calculation using the formula in this case must be done separately for each lien of the FDIC that the Debtor–Appellee seeks to avoid. Therefore, with respect to the second lien of the FDIC in the amount of $766,552.63, the formula provides:

A lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien [$766,552.63];

(ii) all other liens on the property [$1,300,000.00 + $66,965.34 + $87,932.00 = $1,454,897.34]; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property [$15,700.00];

exceeds the value that the debtor's interest in the property would have in the absence of any liens [$225,000.00].

Because the sum of (i), (ii), and (iii), $2,237,149.97, exceeds the value of the Debtor–Appellee's property of $225,000 by $2,012,149.97, the FDIC's lien of $766,552.63 fully impairs the Debtor–Appellee's exemption. Accordingly, this lien of the FDIC can be avoided in full and should not be used in calculating whether the FDIC's lien of $1,300,000.00 impairs the Debtor–Appellee's exemption.

With respect to the FDIC's lien of $1,300,000.00, the formula provides:

A lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien [$1,300,000.00];

(ii) all other liens on the property [$66,965.34 + $87,932.00 = $154,897.34]; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property [$15,700.00];

exceeds the value that the debtor's interest in the property would have in the absence of any liens [$225,000.00].

Because the sum of (i), (ii), and (iii), $1,470,597.34, exceeds the value of the Debtor–Appellee's property of $225,000 by $1,245,597.34, this is the amount of the impairment. Because the impairment of $1,245,597.34 does not exceed the FDIC's lien of $1,300,000.00, this lien cannot be avoided in full. Rather, in accordance with section 522(f)(1), the lien can be avoided only to the extent of the impairment or only in the amount of $1,245,597.34. Accordingly, the FDIC should retain its lien, but in a reduced amount of $27,201.33.[4]

The Court finds that the result in this case is consistent with bankruptcy policy. First, under this approach the Debtor–Appellee has claimed a $15,700 exemption, and she has gotten a $15,700 exemption. In addition, although the Debtor–Appellee has been unable to totally avoid both of the FDIC's liens, she has been able to reduce the amount of the liens by over two million dollars. Surely, this benefits the Debtor–Appellee and provides her with a "fresh start."

Second, the result in this case provides certainty and definiteness by setting the FDIC's lien at a fixed amount. Under the carve-out approach utilized by some courts before the 1994 amendment to section 522(f), the FDIC's lien would have attached to any future appreciation in the property, an amount which would be unquantifiable absent some agreement between the parties or future court proceeding. In addition, by permitting the Debtor–Appellee to retain any future appreciation in the property, her "fresh start" is enhanced.

Third, we find that it would be inconsistent with the policy of exemptions to permit the Debtor–Appellee to avoid the lien in full despite the existence of non-exempt equity to which the lien could attach because the Debtor–Appellee would in effect be getting an unlimited exemption. For example, if the property in this case were worth $500,000 instead of $225,000, the Debtor–Appellee would exit bankruptcy with $154,897.34 in consensual liens, a $15,700 exemption, *plus*

---

4. In its brief and at oral argument, the FDIC argued its lien should attach only to the Debtor–Appellee's non-exempt equity in the property, which is one-half of $54,402.66, since the Debtor–Appellee owns the property with her non-debtor spouse as tenants by the entirety.

an additional $329,402.66 in equity.[5] If Congress had wanted the Debtor–Appellee to receive an exemption in the amount of $345,-102.66, section 522(d) would not contain dollar limits.

For the reasons stated herein, we hold that partially undersecured judicial liens need not be avoided in their entirety pursuant to 11 U.S.C. § 522(f)(1). Rather, pursuant to the formula, only that portion of the lien which exceeds a debtor's equity in the property, taking into account the non-judicial liens and the debtor's exemptions, may be avoided. We therefore REVERSE the decision of the bankruptcy court and deny the Debtor–Appellee's motion to the extent that she sought full avoidance of the FDIC's liens. The FDIC shall retain a lien in the amount of $27,201.33.

De JESUS, Bankruptcy Judge, dissenting.

The facts are accurately portrayed by the majority opinion and do not need to be repeated here. I respectfully disagree with my colleagues' opinion to partially reverse the Bankruptcy Court's decision. I would affirm Judge Hillman's ruling for the following reasons.

First, the opinion does not attempt to determine "... the value of Debtor's interest in the property ..." required by 11 U.S.C. § 522(f)(2)(A). The opinion assumes the value of Debtor's interest is $225,000.00. This may not be the case given the fourth footnote of the majority opinion and the ruling entered in In re Cozad, 208 B.R. 495 (10th Cir. BAP 1997).

My second reason for disagreeing with the majority is articulated by Bankruptcy Judge James D. Walker, Jr. in In re Thomsen, 181 B.R. 1013 (Bankr.M.D.Ga.1995). I cannot improve on what he states. I, therefore, transcribe it and adopt it as my own.

There are three factual patterns that have been troublesome to the courts. The first is where the value of the property does not exceed the consensual liens. The second is where the value is more than the consensual liens but not more than the consensual liens plus the debtor's exemption claim. The third is where the value exceeds the consensual lien plus debtor's exemption claim. The Ward case is based on the first pattern, as is the [In re] Chabot [992 F.2d 891 (9th Cir. 1993)] case. The Hunter case is based on the second pattern. The Court is unable to discern which fact pattern the [In re] Wrenn [40 F.3d 1162 (11th Cir. 1994)] case is based on because of the lack of any finding as to fair market value.

The formulas used by Congress and the Brantz court differ in form. Both formulas call for partial avoidance of a lien in some cases using the fair market value of the property as a bench mark. The goal of each formula is to determine the existence of equity in property above consensual liens plus exemptions, and avoid a judicial lien if no such equity exists. A debtor's ability to enjoy the future appreciation of property is endorsed by the legislative history of section 522(f)(2)(A) if all equity in the property is consumed by consensual liens and claims of exemption. A judicial lien will not be avoided if equity remains above the consensual liens plus claims of exemption, but rather will be subject to some kind of partial avoidance.

The new section 522 now seems to serve a dual function. The lien avoidance provisions of section 522(f)(2)(A) are similar to the lien stripping provisions of section 506. This is because Congress has chosen to include in the definition of impairment the interference with the enjoyment of future appreciation in property. Exemptions are considered to include both the present cash value as well as the right to enjoy future appreciation. Where equity exists above the consensual liens plus the claims

5. The parties did not brief the issue of who should benefit from this equity—the debtor or the unsecured creditors. The Court notes that 11 U.S.C. § 550, which provides that a trustee may recover an avoided transfer for the benefit of the estate, does not apply to the avoidance of liens under 11 U.S.C. § 522(f)(1).

of exemption, section 522 appears to reduce the judicial lien to the value of the property leaving the judicial lien intact alongside the debtor's exemption claim. In such a case, both the debtor and creditor would have to share future appreciation in some way.

The problem with this approach is that the result is unrealistic. A lien is an absolute entitlement. Property is either subject to a lien, or not. What matters is the amount of the debt that can be asserted against the property through the lien. Under section 506, the bifurcation of a claim results in a division of the claim amount between the portion secured by the lien, and the portion that is unsecured. The concept of bifurcation of the lien, rather than the debt which it secures, is heretofore unknown. It appears that this fact is what has led courts to conclude that the appropriate analysis under the former 522(f) is to think in terms of "carving out" the exemption rather than reducing the lien.

**The provisions of section 522(f) only provide for avoiding the lien, not reducing the lien. There is no provision for reducing the claims secured by the lien. The concept of avoidance as an effect that can be limited "to the extent" of impairment has now been reduced to a numeric calculation. Still, there is no way to reflect the distinction in the result where impairment occurs to a greater extent or to a lesser extent unless the claim secured by the lien is reduced.**

**The "carve out" approach does not seem to be favored by the amendment since it denies the debtor the ability to enjoy future appreciation. The new section seems to try to protect this possibility for the debtor even where partial avoidance seems mandated.**

**Thus, although the amendment has resolved the Ward and Hunter dilemma clearly, a problem remains in the third fact pattern where impairment is only partial.**

Aside from the "carve out" analysis, or the claims bifurcation process of section 506, the only remaining option is to conclude that the result of a partial impairment is the same as total impairment, that being complete lien avoidance. Even that result is impractical because it could easily be avoided by the creditor's voluntary reduction in the amount of the claim secured by the lien. This kind of claims gamesmanship is surely not what this amendment was intended to invite.

*Thomsen,* 181 B.R. at 1016–17 n. 2 (emphasis added).