STAHL, Circuit Judge.
 

 This bankruptcy appeal requires us to decide the extent to which a Chapter 7 debt- or may, pursuant to 11 U.S.C. § 522(f)(1) & (f)(2)(A), avoid the fixing of a judicial lien on the debtor’s property, when the market value of the property
 
 exceeds
 
 the sum of (1) all consensual (non-judicial) liens on the property and (2) the amount of the debtor’s exempt interest under 11 U.S.C. § 522(d). We hold that, in such a situation, section 522(f)(1) permits the avoidance of the targeted judicial lien only in part, not in its entirety. Because the district court concluded otherwise, we vacate the judgment and remand for further proceedings.
 

 I.
 

 The debtor and appellee in this action, Thomas J. Silveira, owns, as his primary residence, a property that has been stipulated for purposes of this appeal to have a fair market value of $157,000. The property is subject to a mortgage of $117,680. The appellant, East Cambridge Savings Bank (“the Bank”), holds a $209,500 judicial lien (other than a judicial lien that secures a debt) on the property.
 

 On May 9, 1995, Silveira filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 301
 
 et seq.
 
 He claimed an exemption of $15,000 in the property pursuant to 11 U.S.C. § 522(d)(1).
 
 [1]
 
 Silveira then filed a motion to avoid the Bank’s $209,-500 judicial lien pursuant to 11 U.S.C. § 522(f)(1) and § 522(f)(2)(A). The bankruptcy court ruled that those provisions permitted the debtor to avoid the Bank’s lien in its entirety and thus granted Silveira’s motion. The Bank appealed to the district court, arguing that on the facts of this case, § 522(f)(1) & (f)(2)(A) permitted only a
 
 partial
 
 avoidance of its judicial lien. The district court disagreed and entered an order affirming the bankruptcy court’s determination. This appeal followed.
 

 II.
 

 The Bankruptcy Code provides every debtor with a personal power to avoid certain types of liens that would impinge upon interests that the debtor would otherwise be entitled to claim as exemptions from the bankruptcy estate. 11 U.S.C. § 522(f)(1). Judicial liens are principal targets for this avoidance power:
 

 (f)(1) ... [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor
 
 *36
 
 would have been entitled under [§ 522(b) ], if such lien is—
 

 (A) a judicial lien, other than a judicial lien that secures a debt----
 

 11 U.S.C. § 522(f)(1)(A).
 

 In the years leading up to the Bankruptcy Reform Act of 1994 (“1.994 Act”), a wide divergence of views developed concerning the circumstances in which a judicial lien could be deemed to “impair” an exemption within the meaning of § 522(f)(1), and the precise extent to which liens causing such impairment could be avoided.
 
 See, e.g.,
 
 2 David G. Epstein, Steve H. Nickles & James J. White,
 
 Bankruptcy
 
 § 8-28, at 560 (West 1992) (describing various approaches). In an effort to resolve this discord,
 
 [2]
 
 Congress included in the 1994 Act an amendment to § 522(f), which added the following new subsection:
 

 For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
 

 (i) the lien;
 

 (ii) all other liens on the property; and
 

 (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
 

 exceeds the value that the debtor’s interest in the property would have in the absence of any liens.
 

 11 U.S.C. § 522(f)(2)(A).
 

 In this case, it is undisputed that the sum of the targeted judicial lien ($209,500), all other liens ($117,680) and the amount of the debtor’s exemption ($15,000)
 
 exceeds
 
 the (stipulated) value of the debtor’s property ($157,000), by $185,180. Thus, the Bank’s judicial hen clearly does “impair” an exemption of the debtor within the meaning of § 522(f)(2)(A). The question here concerns the extent of the debtor’s power under § 522(f)(1) to alleviate this “impairment.”
 

 The district court concluded that once a debtor’s power of avoidance is triggered by the fact of an impairment of whatever size, that power permits the debtor to avoid the judicial hen causing the impairment in its entirety. The court thus held that Silveira was entitled to avoid the entire amount of the Bank’s $209,500 lien. The Bank now argues that the district court misapplied § 522(f)(1)(A), and that Silveira is in fact entitled to avoid only so much of the Bank’s hen as necessary to prevent impairment of the debtor’s exemption within the meaning of § 522(f)(2)(A). We agree.
 

 As an initial matter, we find unpersuasive Silveira’s argument that the “plain language” of the statute supports the district court’s, view. On the contrary, the language of the relevant provisions seems to us to support the Bank’s position. Section 522(f)(1) permits a debtor to “avoid the fixing of a hen on an interest of the debtor in property
 
 to the extent that
 
 such hen impairs an exemption [of the debtor].” 11 U.S.C. § 522(f)(1) (emphasis added). Section 522(f)(2)(A), similarly, provides that a judicial lien “impair[s] an exemption
 
 to the extent that”
 
 the targeted hen, in combination with other hens and the value of the debtor’s exemption, exceeds the value of the debtor’s property. 11 U.S.C. § 522(f)(2)(A) (emphasis added). If Congress intended for avoidance of judicial hens to be an “all-or-nothing” matter, one might wonder why the provisions’ drafters chose to use the connective phrase “to the extent that,” in lieu of the word “if,” which obviously would have been a simpler construction.
 
 See In re Furkes,
 
 65 B.R. 232, 235 (D.R.I.1986) (“The ‘to the extent that’ clause cannot be seen as some sort of legislative' slip of the pen____ [H]ad Congress intended ... an all-or-nothing proposition, it would have drafted the statutory language more infran-gibly____”). The statutory directive that a debtor may avoid a judicial hen “to the extent that” the lien impairs an exemption favors — or is at least readily amenable to— reading the definition of “impairment” in § 522(f)(2)(A) not only as a
 
 condition
 
 of avoidabihty, but also as a
 
 proportional measure
 
 of the scope of the debtor’s avoidance power. '
 

 But even if the statute’s language does not settle the issue, the debtor’s proposed interpretation is unacceptable in view of the stat
 
 *37
 
 ute’s intended purposes. Consider the following two hypothetical scenarios:
 
 [3]
 

 Hypothetical A:
 
 The debtor owns a primary residence with a market value of $100,000, subject to an outstanding mortgage balance of $55,000, a judicial lien of $30,000 (not securing a debt), and no other liens. The debtor is entitled, under § 522(d)(1), to claim an exemption of $15,-000 with respect to the property.
 

 Hypothetical B:
 
 Same as Hypothetical A, except that the debtor’s property is subject to a judicial lien of $30,001 instead of $30,-000.
 

 In Hypothetical A, we can see that the sum of the judicial lien ($30,000), other liens ($55,000) and the debtor’s exemption ($15,-000) does
 
 not
 
 exceed the value of the debtor’s property ($100,000). Thus the judicial lien in Hypothetical A does
 
 not
 
 impair the debtor’s exemption within the meaning of § 522(f)(2)(A), and the debtor is
 
 not
 
 entitled to avoid any portion of that lien under § 522(f)(1).
 

 In Hypothetical B, however, the sum of the judicial lien ($30,001), other liens ($55,000) and the debtor’s exemption ($15,000)
 
 does
 
 exceed the property’s value (by $1), and so the targeted judicial lien is deemed under § 522(f)(2)(A) to impair the debtor’s exemption. Under Silveira’s proposed interpretation, the fact of this impairment requires that the debtor in Hypothetical B be permitted to avoid the $30,001 judicial lien
 
 in its entirety.
 
 Thus, as Silveira would have it, a $1
 
 increase
 
 in the amount of the (unavoidable) judicial lien in Hypothetical A would result in the debtor’s acquiring the power to avoid the lien in full.
 
 [4]
 

 We find it difficult to conceive .of any reason that would counsel in favor of interpreting § 522(f)(1)(A) & (f)(2)(A) to produce such a result. The district court, in siding with Silveira, suggested that denying debtors the right to avoid
 
 in full
 
 any judicial lien that impairs an exemption would “circumvent Congress’s goal of providing debtors with a “fresh start” after bankruptcy and would thus frustrate the basic purpose of § 522(f)(1). The problem with this argument, however, is that it proves too much.
 

 The implication of the district court’s reasoning is that the statute effects a general policy against the fixing of judicial liens with respect to property in which the debtor holds an exempt interest. Clearly, however, the statute cannot be read so broadly. Section 522(f) unquestionably contemplates that in some circumstances — see, for example, Hypothetical A above — a judicial lien up to some calculable amount will
 
 not
 
 be deemed to impair the debtor’s exemption and hence will not be subject to the debtor’s avoidance power. But if, in such a circumstance, the statute would not permit the debtor to avoid any judicial lien
 
 smaller
 
 than that calculable amount, it would seem arbitrary and unfair to permit a debtor to avoid the
 
 entirety
 
 of a judicial lien that was
 
 larger
 
 than that amount. Thus, if § 522(f)(1) would permit the fixing of a $30,000 judicial lien on the facts of Hypothetical A above, then it would border on the absurd not to permit the holder of a $30,001 judicial lien, on otherwise identical facts, to pursue the fixing of its lien
 
 up to
 
 the amount of $30,000.
 

 This reasoning compels an analogous re-suit in this case. Here, the sum of the debtor’s exemption ($15,000) and all consensual liens on his property ($117,680) is $24,-320
 
 less
 
 than the value of the property ($157,000); in other words, there is $24,320 of excess equity available. This means that if the Bank’s judicial lien here had been for $24,320 or less, that lien would have been absolutely unavoidable under § 522(f)(1), because there would have been no “impairment” within the meaning of § 522(f)(2)(A).
 
 [5]
 
 The fact that the Bank’s actual lien is for more than $24,320 surely provides no reason
 
 *38
 
 to place the Bank in a position
 
 worse
 
 than it would have been had its lien originally been limited to that amount. Fairness requires, therefore, that the Bank be permitted • to pursue the fixing of its $209,500 judicial lien
 
 up to
 
 the amount of $24,320.
 

 In more intuitive terms, it is obvious that the value of the debtor’s property in this case is sufficient to cover the entire amount of the debtor’s mortgage ($117,680) plus his claimed exemption ($15,000), with $24,320 of equity to spare. Nothing in § 522(f)(1) or § 522(f)(2) can be read to require that this excess equity be preserved either for the debtor or the bankruptcy estate, rather than being made available for the partial satisfaction of a judicial lien. And, as shown above, the fixing of a judicial hen in an amount equal to this excess equity would not create any impairment of the debtor’s $15,000 exemption.
 
 See
 
 11 U.S.C. § 522(f)(2)(A). It follows that no legitimate purpose underlying the statute would be served by permitting Silveira to avoid so much of the Bank’s lien — $24,320— as could be covered by the excess equity available in the property.
 

 In summary, we apply § 522(f)(1)(A) and § 522(f)(2)(A) to the facts of this case as follows. First, pursuant to § 522(f)(2)(A), we determine that the sum of (i) the targeted judicial lien ($209,500), (ii) all other liens ($117,680), and (iii) the amount of the debt- or’s exemption- ($15,000) — which sum equals
 
 $342,180
 
 — exceeds the value that the debtor’s property would have in an unencumbered state ($157,000), and exceeds that value by $185,180. Thus, the Bank’s judicial lien impairs the debtor’s exemption to the extent of $185,180. Because Silveira is entitled to avoid the Bank’s lien to the extent of any impairment, Silveira is entitled to avoidance in the amount of $185,180.
 
 See
 
 11 U.S.C. § 522(f)(1)(A). The remainder of the Bank’s judicial lien, in the amount of $24,320 ($209,-500 minus $185,180), is not subject to avoidance by the debtor under § 522(f)(1)(A).
 
 [6]
 

 We note that this result follows the approach recently adopted by this Circuit’s Bankruptcy Appellate Panel.
 
 See In re Finn,
 
 211 B.R. 780 (1st Cir. BAP 1997);
 
 accord In re Ryan,
 
 210 B.R. 7 (Bankr.D.Mass.1997);
 
 In re Corson,
 
 206 B.R. 17 (Bankr.D.Conn.1997);
 
 In re Moe,
 
 199 B.R. 737 (Bankr.D.Mont.1995);
 
 see also 2 Norton Bankruptcy Law & Practice 2d
 
 § 46:23, at 334-35 (Supp.1997) (applying same approach); David G. Carlson,
 
 Security Interests on Exempt Property After the 1991 Amendments to the Bankruptcy Code,
 
 4 Am. Bankr.Inst. L.Rev. 57, 65 (1996) (same).
 

 III.
 

 We add a postscript concerning the legislative history of 11 U.S.C. § 522(f)(2)(A). The House Report that accompanied the 1994 Act makes negative reference to two
 
 cases
 
 —In
 
 re Gonzalez,
 
 149 B.R. 9 (Bankr.D.Mass.1993)
 
 [7]
 
 and
 
 In re Chabot,
 
 992 F.2d 891 (9th Cir.1993) — which both endorsed conclusions similar to the one we reach here today.
 
 [8]
 
 But we, like other courts who have addressed this issue, find it difficult to draw any reliable inferences from the House Report’s allusions to these two cases.
 
 See Ryan,
 
 210 B.R. at 10-12;
 
 Moe,
 
 199 B.R. at 739-40.
 

 First, the various hypothetical factual scenarios sketched out in the House Report do not speak to the circumstances of this case, insofar as those scenarios all posit situations in which the debtor has
 
 no equity
 
 in his or her property over and above the sum of the claimed exemption and all liens other than the judicial lien being targeted for avoidance.
 
 See
 
 H.R.Rep. No. 103-835, at 52-54 (1994),
 
 reprinted in
 
 1994 U.S.C.C.A.N. 3340, 3361-62. It is
 
 only
 
 when such excess equity is
 
 *39
 
 available that the question presented in this case arises at all.
 
 [9]
 

 Second, to the extent that the drafters of the legislative history intended
 
 Gonzalez
 
 and
 
 Chabot
 
 to serve as real-world examples of the hypothetical scenarios sketched in the Report, the Report
 
 misreads
 
 both cases. The fact patterns in
 
 Gonzalez
 
 and Chabot—
 
 unlike
 
 the hypothetical scenarios posited in the House Report — presented situations in which there was some equity in the debtor’s property in excess of the debtor’s exemption and all non-judicial liens.
 
 See Gonzalez,
 
 149 B.R. at 10;
 
 Chabot,
 
 992 F.2d at 892;
 
 see also Ryan,
 
 210 B.R. at 10-11 (describing the facts of
 
 Gonzalez
 
 and.
 
 Chabot).
 
 Because the authors of the House Report apparently believed that the facts of their hypothetical cases were analogous to the facts of
 
 Gonzalez
 
 and
 
 Chabot,
 
 it appears they incorrectly understood the rulé adopted in those cases to permit only partial avoidance of judicial liens even in situations where there was
 
 no
 
 available equity in the debtor’s property. In actuality, the rule of
 
 Gonzalez
 
 and
 
 Chabot,
 
 like the rule we adopt here, only limits the debtor’s avoidance power under § 522(f)(1) to the extent that there is equity available in the property in excess of the debtor’s exemption and all non-judicial liens on the property.
 

 Finally, the import of the House Report’s negative references to
 
 Chabot
 
 and
 
 Gonzalez
 
 is rendered even more doubtful by the Report’s statement that the measure of “impairment” set forth in <§ 522(f)(2)(A) is based upon the formula articulated in
 
 In re Brantz,
 
 106 B.R. 62 (Bankr.E.D.Pa.1989).
 
 See
 
 H.R.Rep. No. 103-835, at 53, 1994 U.S.C.C.A.N. at 3361. The outcomes reached in
 
 Chabot
 
 and
 
 Gonzalez
 
 are
 
 consistent
 
 with the approach to avoidance adopted in
 
 Brantz. See Brantz,
 
 106 B.R. at 68;
 
 see also Ryan,
 
 210 B.R. at 10-12 (discussing
 
 Gonzalez, Chabot
 
 and Brantz);
 
 Moe,
 
 199 B.R. at 739-40 (explaining that the
 
 Brantz
 
 formula permits only partial avoidance of judicial liens where there is some equity in debtor’s property in excess of the debtor’s exemption and all consensual liens). We con-elude, therefore, that the House Report’s apparent criticisms of the
 
 Chabot
 
 and
 
 Gonzalez
 
 cases do not, on scrutiny, provide any meaningful support for Silveira’s position in this case.
 

 IV.
 

 The interpretation of 11 U.S.C. § 522(f)(1)(A) and § 522(f)(2)(A) advocated by the Bank is consistent with the text of those provisions, fully vindicates the statute’s basic purpose, and averts the unfair consequences that the debtor’s interpretation would entail. Because the district court rejected the approach we'adopt here, we
 
 vacate
 
 the judgment below and
 
 remand
 
 this case for further proceedings consistent with the principles set forth herein.
 

 So Ordered.
 

 [1]
 

 . As the Supreme Court has explained, "[a]n exemption is an interest withdrawn from the [bankruptcy] estate (and hence from the creditors) for the benefit of the debtor.”
 
 Owen v. Owen,
 
 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).
 

 [2]
 

 .
 
 See
 
 H.R.Rep. No. 103-835, at 52-53 (1994),
 
 reprinted in
 
 1994 U.S.C.C.A.N. 3340, 3361-62.
 

 [3]
 

 . A variant of these hypothetical cases was suggested by the Bank's counsel at oral argument.
 

 [4]
 

 . The debtor in Hypothetical A would also acquire full avoidance power (according to Sil-veira’s approach) if the value of the debtor’s property were reduced, or the amount of consensual liens were increased, by $1.
 

 [5]
 

 .That is, the sum of (i) the judicial lien ($24,-320), (ii) other liens ($117,680), and (iii) the debtor's exemption ($15,000) would
 
 not
 
 have exceeded the value of the debtor's property ($157,-000).
 
 See
 
 11 U.S.C. § 522(f)(2)(A).
 

 [6]
 

 . These figures would change, of course, if the actual value of the debtor's property were determined, on remand, to be different from the stipulated value of $157,000.
 

 [7]
 

 .
 
 Vacated, Gonzalez v. First Nat’l Bank of Boston,
 
 191 B.R. 2 (D.Mass.1996).
 

 [8]
 

 . The holding of
 
 Gonzalez
 
 differs from our decision here insofar as the
 
 Gonzalez
 
 bankruptcy judge permitted the portion of the targeted lien that created an impairment under § 522(f) to be
 
 subordinated
 
 to the debtor's exemption,
 
 see
 
 149 B.R. at 12, rather than
 
 avoided
 
 outright. The rule we adopt here calls for outright avoidance, not mere subordination, of a judicial lien to the extent of any impairment as measured by § 522(f)(2)(A).
 

 [9]
 

 . For example, if the outstanding balance on the debtor’s mortgage in this case were $142,000 instead of $117,680, then there would be no question that any judicial lien on the property (not securing a debt) could be avoided in its entirety.