**In re Robert NELSON and Donata Nelson, Debtors.**

**Robert Nelson, Plaintiff–Appellant,**

v.

**Joseph Scala, Sr., Defendant–Appellee.**

Civ. No. 98–234–P–C.

United States District Court,
D. Maine.

Dec. 21, 1998.

---

Daniel L. Cummings, Norman, Hanson & Detroy, Portland, ME, for Appellant.

Ray R. Pallas, Pallas & Waldron, Westbrook, ME, for Joseph Scala Sr., Appellee.

Gregory Paul Hansel, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for Portland Pump Co., Appellee.

Kurt E. Olafsen, Portland, ME, for Dodge Oil Co., Inc., Appellee.

## MEMORANDUM OF DECISION AND ORDER

CARTER, District Judge.

Before the Court is an appeal filed by Plaintiff–Appellant Robert Nelson ("Nelson")

from the bankruptcy court's final order holding that all but $12,686.84 of a judicial lien held by Appellee Joseph Scala, Sr. ("Scala") can be avoided. This Court has appellate jurisdiction to hear and determine this appeal pursuant to 28 U.S.C. § 158(a)(1). Both parties have elected to proceed with the appeal in the United States District Court pursuant to 11 U.S.C. § 158(c). The issue before the Court is whether the bankruptcy court erred in ruling that Nelson is not entitled to the total avoidance of Scala's judicial liens pursuant to 11 U.S.C. § 522(f).

## I. Background

The following sets forth the facts, undisputed by the parties, that are the basis of this appeal. Nelson filed an adversary proceeding in bankruptcy court claiming that four judicial liens encumbering his interest in his residence were avoidable pursuant to 11 U.S.C. § 522(f). The four liens were held by Scala, Portland Pump Co., and Dodge Oil Co. Notice of Docketing (Docket No. 1) at 17–1. Both Dodge Oil and Portland Pump consented to judgment avoiding their liens, leaving only Scala's two liens. Brief of Appellant at 2; Brief of Appellee at 2.

Scala claims an interest in the Nelson's residence by virtue of his judicial liens. Bankruptcy Court Order, Findings of Fact ¶ 6. The value of the Nelson residence is $185,000.[1] *Id.* ¶ 15. Nelson is a fifty percent owner of the residence and his wife, Donata Nelson, owns the other fifty percent interest in the residence. *Id.* ¶ 1. Only Robert Nelson is obligated on the debt secured by the Scala liens. *Id.* ¶ 15. Scala's liens on the property are both in the amount of $24,000 and secure the same debt. *Id.* ¶ 6. In addition, the total amount of unavoidable liens in the form of mortgages on the property is $134,626.32.[2] *Id.* ¶ 13. Both Donata Nelson and Robert Nelson are obligated on the debt secured by the un-

---

1. The value of the residence was initially disputed at trial in the bankruptcy court. However, the bankruptcy court held a hearing on the issue of value, and found that the value of the residence was $185,000. Neither party challenges this finding. Brief of Appellant at 3; Brief of Appellee at 3.

2. The total $134,626.32 is derived from the liens on the property (First Mortgage: $68,507.99 plus Second Mortgage: $33,585.93 plus Third Mortgage: $15,289.75 plus Fourth Mortgage: $12,200 plus Bureau Lien: $5,042.65).

avoidable liens. *Id.* ¶ 14. The purpose of the bankruptcy proceeding below was to determine to what extent Nelson could avoid Scala's liens on the residence. Nelson contended below that they must be avoided in full pursuant to 11 U.S.C. § 522(f)(2)(A). The bankruptcy court disagreed.

In its Final Order (Docket No. 1), Bankruptcy Judge Goodman ruled that all but $12,686.84 of Scala's liens was avoidable under 11 U.S.C. § 522(f). The bankruptcy court calculated the extent to which the lien impaired Scala's exemption to determine what portion of Scala's lien could be avoided. It began its calculation of the extent of impairment of Nelson's exemption by subtracting the total amount of unavoidable liens ($134,626.32) from the full value of the residence ($185,000). Accordingly, the bankruptcy court held that this difference ($50,373.68) equaled the total equity in the property without judicial liens. The court then divided this number by two to reach Nelson's share of equity ($25,186.84). From this figure, the bankruptcy court subtracted the statutory exemption to which Nelson is entitled under 14 M.R.S.A. § 4422(1)(A) ($12,500). The bankruptcy court held that the resulting figure, $12,686.84 remained in equity.[3] It concluded accordingly that Scala's liens were avoidable except for $12,686.84. Nelson subsequently appealed the bankruptcy court's order.

## II. Analysis

A final order of the bankruptcy court is subject to the same standards of review employed in direct appeals to the Court of Appeals for the First Circuit in civil cases, and thus, the Court must apply a *de novo* review to conclusions of law. *See In re La-Roche,* 969 F.2d 1299, 1301 (1st Cir.1992). Thus, a *de novo* review is applicable to answer the question of whether the bankruptcy court erred in construing 11 U.S.C. § 522(f) in refusing to avoid Scala's lien in its entirety.

The Court will set forth the legal framework for its analysis and apply the statutory formula contained in 11 U.S.C. § 522(f)(2)(A) to the facts of this case. "The Bankruptcy Code provides every debtor with a personal power to avoid certain types of liens that would impinge upon interests that the debtor would otherwise be entitled to claim as exemptions from the bankruptcy estate." *In re Silveira,* 141 F.3d 34, 35 (1st Cir.1998). Judicial liens are a type of lien that can be avoided by the debtor in bankruptcy. *See* 11 U.S.C. § 522(f)(1). Section 522(f)(1) provides as follows,

> (f)(1) ... [T]he debtor may avoid fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)] if such lien is [ ] (A) a judicial lien, other than a judicial line that secures a debt....

11 U.S.C. § 522(f)(1)(A).

In 1994, Congress added the following subsection to clarify the circumstances under which a judicial lien could be deemed to "impair" an exemption within the meaning of section 522(f)(1), and the precise extent to which liens causing such an impairment could be avoided. *See In re Finn,* 211 B.R. 780, 781 (1st Cir. BAP 1997) ("In 1994, Congress enacted the Bankruptcy Reform Act which introduced the arithmetic formula into section 522(f)(2)(A) in order to determine whether a lien impairs an exemption."); *In re Ryan,* 210 B.R. 7, 9 (Bankr.Mass.1997) ("Section 522(f)(2)(A) was added by the Bankruptcy Reform Act of 1994 to provide a 'simple arithmetic test to determine whether a lien impairs an exemption....'"). The section provides as follows,

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of [ ]
>
>> (i) the lien;
>>
>> (ii) all other liens on the property; and

---

3. The bankruptcy court calculated as follows:

| | | |
|---|---|---|
| | $185,000 | (value of residence) |
| − | $134,626.32 | (amount of unavoidable liens) |
| = | $ 50,373.68 | (total equity in property without judicial liens) |
| ÷ | 2 | |
| = | $ 25,186.84 | (Nelson's share of equity) |
| − | $ 12,500 | (statutory exemption) |
| = | $ 12,686.84 | (remaining equity) |

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). The Court of Appeals for the First Circuit held that the language of the statute means that a debtor is permitted to avoid only so much of a judicial lien as is necessary to prevent impairment of the debtor's exemption. *In re Silveira*, 141 F.3d at 36; *In re Finn*, 211 B.R. at 784. In so holding, it rejected the position espoused by Nelson on this appeal; namely, that the statute permits avoidance of a judicial lien in its entirety once a debtor's power of avoidance is triggered by the fact of an impairment. Nelson argues that once an impairment is established, the judicial lien must be avoided *in its entirety*. However, the law is clear that a debtor may avoid a judicial lien only *to the extent* that it impairs his or her exemption. *See Id.* ` Despite the fact that the law clearly confutes Nelson's primary argument, the Court will examine *de novo* whether the bankruptcy court properly determined the extent of the impairment of Nelson's exemption.

On appeal, Nelson argues that the bankruptcy court erred in its application of the mathematical formula in 11 U.S.C. § 522(f)(2)(A) to the facts in this case. Nelson contends that section 522(f) requires a bankruptcy court to add the amount of Scala's lien ($24,000), the amount of all the other liens against the residence ($134,626.32), and the amount of the statutory exemption pursuant to 11 M.R.S.A. § 4422(1)(A) ($12,500), to reach a total of $171,126.32. Nelson asserts that the total of $171,126.32 is then compared to the value of his one-half interest in the residence which is $92,500 ($185,000 ÷ 2). Under the statute, Nelson's exemption is impaired because the value $171,126.32 exceeds $92,500 (the value of Nelson's interest in the property) by $78,626. The impairment is, thus, $78,626, and Nelson is entitled to avoid the judicial lien to the extent of $78,626. *See* 11 U.S.C. § 522(f)(1)(A); *In re Silveira*, 141 F.3d at 38. Under Nelson's calculation, Scala's lien would be avoided in full because the impairment ($78,626) is greater than the judicial lien ($24,000) and there is, thus, after the impairment is applied to the lien, no remainder of the judicial lien to pay.

■ However, the above application of the formula fails to properly take into account the varying property interests in the residence and obligations on the loans between Robert and Donata Nelson. Here, Nelson is a fifty percent owner of the residence which is worth $185,000. Donata Nelson owns the other fifty percent in the residence. *Id.* ¶ 1. Only Nelson is obligated on the debt secured by the Scala liens. However, both the Nelsons are jointly and severally obligated on the debt secured by the unavoidable liens in the sum of $134,626.32. *Id.* ¶ 14. Taking these interests into account, the Court will undertake the application of the formula provided in 11 U.S.C. § 522(f)(2)(A) to the facts of this case.

First, pursuant to 11 U.S.C. § 522(f)(A)(2), we determine the sum of the targeted judicial lien, all other liens, and the amount of the debtor's exemption. Here, the targeted judicial lien is $24,000. The amount of all other liens secured by the Nelson residence is $134,626.32. Robert and Donata Nelson are jointly and severally liable on these liens. However, only Robert Nelson is obligated on Scala's judicial lien of $24,000. Therefore, the proper sum for the amount of "all other liens" is the amount Nelson is obligated to pay, which is one-half of $134,626.32 ($67,313.16). Nelson's statutory exemption pursuant to 14 M.R.S.A. § 4422(1)(A) is $12,500. The sum of the judicial lien ($24,000), all other liens on the property ($67,313.16), and the statutory exemption ($12,500) equals $103,813.16. This value exceeds Nelson's interest in the property ($92,500) by $11,313.16. According to the application of the formula provided in 11 U.S.C. § 522(f)(2)(A) to these facts, Nelson is entitled to avoidance in the amount of $11,313.16. *See* 11 U.S.C. § 522(f)(1)(A); *In re Silveira*, 141 F.3d at 38. Therefore, Scala's liens may be avoided except for $12,686.84 ($24,000 minus $11,313.16).

■ In more intuitive terms, it is obvious that the value of Nelson's interest in the

property in this case is sufficient to cover the entire amount of his obligation on the mortgages plus his claimed exemption, with $12,-686.84 of equity to spare. Nelson's interest in the property is $92,500, and the amount of his obligation on the mortgages ($67,313.16) plus his statutory exemption ($12,500) is $79,-813.16. He, thus, has .$12,686.84 remaining after he pays his share of the unavoidable liens on the property. "Nothing in [section] 522(f)(1) or [section] 522(f)(2) may be read to require that this excess equity be preserved either for the debtor or the bankruptcy estate, rather than being made available for the partial satisfaction of a judicial lien." *In re Silveira,* 141 F.3d at 38.

The bankruptcy court did not set forth its calculation step by step according to the formula contained in section 522(f)(2)(A). However, the bankruptcy court determined that Scala's judicial lien could be avoided except for $12,688.84. Because the bankruptcy court reached the result intended under section 522(f)(2)(A), its decision will be affirmed.

### III. Conclusion

The Court **ORDERS** that the bankruptcy court's order be, and it is hereby, **AFFIRMED**.

So **ORDERED**.