**In re Frances R. JOCHUM, Debtor.**

**Frances R. Jochum, Movant,**

v.

**Concord Capital, L.L.C., Portfolio Recovery Association II, Respondents.**

**No. 02–40150–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

April 28, 2004.

---

**36.** 269 B.R. 716 (Bankr.D.Ore.2001).

**37.** *Id.* at 719.

**38.** *Id.* at 718.

Stuart Jay Radloff, Radloff & Riske, St. Louis, MO, Attorneys for Debtor.

Edward J. Karfeld, St. Louis, MO, Attorney for Concord Capital L.L.C.

A. Thomas DeWoskin, Danna McKitrick, P.C., St. Louis, MO, trustee.

## ORDER

JAMES J. BARTA, Chief Judge.

The matter before the Court is the motion of Frances R. Jochum ("Debtor") to

avoid two judicial liens against her residence. Concord Capital, L.L.C.("Concord"), the holder of the senior judicial lien, filed a written objection to the Debtor's motion. At the hearing on this matter, the Debtor and Concord appeared by their respective counsel. The holder of the junior judicial lien, Portfolio Recovery Association II ("Portfolio") did not file a response to the Debtor's motion and did not appear. Concord and the Debtor have jointly stipulated to the facts.

In her Chapter 7 Schedules, the Debtor listed the fair market value of her residence as $100,000.00, subject to a first deed of trust in the amount of $76,000.00 in favor of Homecomings Mortgage. The Debtor claimed a homestead exemption under Mo.Rev.Stat. § 513.475(1) in the amount of $8,000.00. On Schedule F, creditors holding non-priority, unsecured claims, the Debtor listed Portfolio as the holder of claims totaling $14,337.89, and Concord as the holder of claims totaling $13,147.65. On the Statement of Financial Affairs at Item 4, "Suits and Administrative Proceedings, Executions, Garnishments and Attachments", the debt to Portfolio was listed as a judgment and the debt to Concord was listed as pending. Neither creditor was listed as holding a judgment lien against the real property.

The Debtor was apparently unaware that the judgment liens existed at the time her case was filed or before it was closed. When she discovered the existence of the judgment liens, she reopened her bankruptcy case and moved to avoid the liens. For purposes of this proceeding, the parties have agreed that the debt secured by the senior judicial lien, held by Concord, is in the amount of $15,597.00 plus prejudgment interest in the amount of $708.00 for a total of $16,305.00; and that the debt secured by the junior judicial lien, held by Portfolio, is in the amount of $13,661.00

plus prejudgment interest of $495.00 for a total of $14,156.00.

This is a core proceeding pursuant to Section 157(b)(2)(O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

 A debtor may avoid a judicial lien on property of the debtor that secures a debt (with certain exceptions that do not apply here) to the extent such lien impairs an exemption to which the debtor would have been entitled under 11 U.S.C. § 522(b). 11 U.S.C. § 522(f)(1)(A). For the purposes of this subsection, a lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property and the amount of the exemption exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A). In the case of property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation under Subparagraph (A) with respect to other liens. 11 U.S.C. § 522(f)(2)(B). A key question then concerns the sequence in which multiple judicial liens are to be avoided.

The Debtor has argued that under existing case law, both liens must be included when applying the statutory avoidance formula. *See, In re Kolich*, 328 F.3d 406(8th Cir.2003). In *Kolich*, the second lien against the real property was a judicial lien, and the third lien against the property was a non-avoidable, consensual deed of trust.

Concord has argued that *Kolich* is distinguishable from the matter being considered here, and that in the case of multiple judicial liens, the liens should be avoided in reverse order of their seniority. Con-

cord's position would allow the Debtor to completely avoid the lien of Portfolio and partially avoid the lien of Concord.

■ A plain reading of the Bankruptcy Code supports Concord's position. The language of Subsection 522(f)(1)(A) authorizes the avoidance of one judicial lien at a time, and Subsection 522(f)(2)(B) expressly excludes prior avoided liens from the calculations in the formula provided in Subsection 522(f)(2)(A). Therefore, under Section 522(f)(1), the judicial lien that is to be considered first in the multiple lien avoidance process is the judicial lien that is positioned at the lowest priority among the judicial liens. In the matter being considered here, Portfolio is positioned as the holder of the lowest priority judicial lien.

Based upon the amounts agreed to by the Parties, and after applying the statutory formula to the least senior judicial lien in this case, the Court finds that judicial lien of Portfolio is to be avoided in its entirety. The sum of the liens and the Debtor's exemption is as follows:

| | |
|---|---|
| Homecomings First Deed of Trust | $ 76,405.00 |
| Concord Judicial Lien | $ 16,305.00 |
| Portfolio Judicial Lien | $ 14,156.00 |
| Homestead Exemption | $ 8,000.00 |
| **TOTAL** | $114,866.00 |

The agreed value of the Debtor's interest in the property in the absence of any liens is $100,000.00. The above total exceeds the value of the Debtor's interest in the property by the amount of $14,866.00. The amount of the debt owed to Portfolio that is secured by its judicial lien ($14,-156.00) is less than $14,866.00. The Portfolio lien therefore impairs the Debtor's exemption. See *Kolich,* 328 F.3d at 409. Thus, the judicial lien of Portfolio is avoided in its entirety and will not be considered in the calculation to consider avoidance of Concord's judicial lien.

■ To the extent that not all of the excess lien/exemption total was applied to the Portfolio lien, the Court finds and con-

cludes that the Concord lien impairs the Debtor's exemption. However, only the portion of a judicial lien that impairs an exemption may be avoided. *See, In re Silveira,* 141 F.3d 34, 36–38 (1st Cir.1998). The sum of Concord's judicial lien, $16,305.00, all other liens (Homecomings), $76,405.00, and the Debtor's exemption, $8,000.00, is $100,710.00. The agreed value of the property is $100,000.00. Under the statutory formula, Concord's judicial lien impairs the Debtor's exemption to the extent of $710.00. The Debtor may avoid the judicial lien of Concord in the amount of $710.00 and the lien remains in the amount of $15,595.00. Therefore,

**IT IS ORDERED** that the Debtor's motion to avoid the judicial liens of Concord and Portfolio is granted in part; and

That the judicial lien of Portfolio is avoided in its entirety; and

That the judicial lien of Concord is avoided to the extent of $710.00 and remains as a judicial lien that secures the amount of $15,595.00; and that all other requests in this matter are denied.