**In re Michael Allen MAY, d/b/a May Heating & Air, and Cindy Tonette May, Debtors.**

**No. 1:02–BK–71935.**

United States Bankruptcy Court, W.D. Arkansas, El Dorado Division.

April 3, 2006.

Kenneth A. Harper, Attorney at Law, Monticello, AR, for Debtors.

*ORDER*

JAMES G. MIXON, Bankruptcy Judge.

On this date, the Court considers the motion to avoid judicial lien filed on August 23, 2004, by Michael Allen May d/b/a May Heating & Air and Cindy Tonette May ("Debtors"). Creditor Equipment Supply & Distribution, Inc. ("Equipment Supply") responded to the motion on November 30, 2004. The issue at bar is whether Equipment Supply's judicial lien impairs the Debtors' exemption claimed in their homestead to the extent that the Debtors may avoid the lien.[1]

On March 25, 2002, the Debtors filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. The Debtors chose the federal exemptions permitted by 11 U.S.C. § 522(b)(1) (2000) and Arkansas Code Annotated § 16–66–217 (Michie Supp.2005).

---

1. A judicial lien is a lien "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The parties do not dispute the fact that Equipment Supply's lien is a judicial lien as defined by this section.

The Debtors claimed the nominal sum of $10.00 in a homestead located at 207 and 211 West Central Street in Warren, Arkansas. No party in interest objected to the claim of exemption. The order of discharge was entered on July 9, 2002, and on July 23, 2002, the case was closed.

On March 2, 2004, an order was entered granting the Debtors' November 4, 2003, motion to reopen the case. On August 23, 2004, the Debtors filed a motion, pursuant to section 522(f) of the Bankruptcy Code, to avoid the judicial lien attached to their homestead and Equipment Supply timely responded.

A hearing on the motion to avoid judicial lien was held November 15, 2005, in El Dorado, Arkansas, and at the conclusion of the hearing, the Court took the matter under advisement. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and the Court has jurisdiction to enter a final judgment in the case.

## FACTS

The facts in this case are not in dispute. The Debtors purchased a home in Warren, Arkansas, in 1986 and subsequently, in 1991, purchased the adjacent property, which was used as a part of the Debtor Michael May's business. (Tr. at 5–6.)

In the year 2000, Equipment Supply obtained a judgment against the Debtors for $13,000.00 in case number CIV 2000–35–2 in the Circuit Court of Bradley County. The parties stipulated that the amount of the judgment was reduced to approximately $7,100.00 because of a payment of roughly $4,000.00 on the debt pursuant to a garnishment. (Tr. at 6, 11.)

The Debtors' Schedule A reflects a valuation of the homestead at $69,663.00 securing claims of $72,478.00. Schedule D of the petition lists a mortgage dated Febru-

ary 29, 1996, in favor of First State Bank securing a claim of $36,222.00 and a mortgage in favor of Union Bank dated February 3, 1997, securing a balance of $18,256.00. The Debtors list their Schedule E tax creditors as the State of Arkansas, with a claim of $7,781.69, and the Internal Revenue Service, with a claim of $38,791.96.

The Debtor Michael May testified at the hearing that the combined property was worth "around $70,000." (Tr. at 11.) The parties stipulated that combined debt secured by a first and second mortgage and two tax liens on the property currently totaled $91,051.55. (Tr. at 6.) The parties did not offer evidence as to the date the two tax liens were filed. The parties stipulated that the home and adjacent property were placed on the same mortgage in 1994. (Tr. at 6). Mr. May testified that the liens against the homestead exceeded the value of the real estate on the date the petition was filed. (Tr. at 8.) Mr. May also stated that he was not exactly sure of the amount owed on the judgment but agreed with the Court's estimate of between $7,000.00 and $8,000.00. (Tr. at 11.)

## ARGUMENT

The Debtors argue simply that Equipment Supply holds a judicial lien which impairs their exemption in their homestead and pursuant to 11 U.S.C. § 522 they are entitled to have it avoided. Equipment Supply argues that because the Debtors had no equity in the homestead to exempt they are not entitled to avoid the judicial lien.

## DISCUSSION

Section 522(f)(1) of the Bankruptcy Code provides that the debtor may avoid most judicial liens "to the extent that such lien impairs an exemption to which the debtor would have been entitled ..." 11

U.S.C. § 522(f)(1) A debtor is entitled to avoid a judicial lien that impairs a homestead exemption even if the debtors have no equity in the property. *Kolich v. Antioch Laurel Veterinary Hosp. Inc., (In re Kolich)*, 273 B.R. 199, 204 (8th Cir. BAP 2002)(citing *F.D.I.C. v. Finn (In re Finn)*, 211 B.R. 780, 782–84 (1st Cir. BAP 1997) and quoting H.R.Rep. No. 835, 103d Cong., 2d Sess. 45 (1994)), *aff'd*, 328 F.3d 406 (8th Cir.2003). *See also Higgins v. Household Fin. Corp. (In re Higgins)*, 201 B.R. 965, 967–968 (9th Cir. BAP 1996) (holding that "Congress has made it clear in amending section 522 that a lien will be deemed to impair an exemption, even when there is no equity in the property, if the sum of all the liens on the property and the hypothetical value of the exemption without liens exceeds the value of the debtor's interest in the property in the absence of liens."); *In re Whitehead*, 226 B.R. 539, 541 (Bankr.W.D.N.Y.1998) (stating that the amendments to section 522, for the purposes of determining impairment, create equity, "even if the debtor otherwise has no equity in the property"); *In re VanZant*, 210 B.R. 1011, 1016 (Bankr. S.D.Ill.1997) (concluding that the debtor was entitled to avoid the creditor's lien in its entirety although she had no equity in the property above the amount of her homestead exemption).

To aid in determining whether and to what extent a judicial lien impairs an exemption, the Bankruptcy Reform Act of 1994 established a mathematical formula codified at 11 U.S.C. § 522(f)(2)(A) (2000)[2] and fully discussed by the United States Bankruptcy Appellate Panel of the Eighth Circuit in *In re Kolich*, cited above. Applied to the facts in the instant case, the formula yields the following result:[3]

| | |
|---|---|
| (1) the judicial lien | $7,100.00 |
| (2) all other liens on the property (first and second mortgage and two tax liens) | 91,051.55 |
| (3) the amount of any exemption that the debtor could claim if there were no liens on the property | 10.00 |
| TOTAL | 98,161.55 |
| (4) the value that the debtor's interest in the property would have in the absence of any liens | -70,000.00 |
| Extent of impairment | $28,161.55 |

The amount of the judicial lien is $7,100.00 and the extent of impairment is $28,161.55. Because the extent of impairment is greater than the amount of the judicial lien, the lien is avoidable in its entirety.

IT IS SO ORDERED

---

**2.** The statute sets out the following formula: For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

**3.** The parties stipulated that the amount of the judicial lien was $7,100. Mr. May testified that he agreed with the Court's estimate of between $7,000 and $8,000. The Court will use the $7,100 figure for the purposes of the formula, but notes that using the higher figure would not change the result. The value of the debtor's interest in the property in the absence of any liens is an approximate number.