**In re JOHN I. PAULDING, INC., Debtor.**

**John F. CULLEN, trustee of the Estate of John I. Paulding, Inc., Plaintiff,**

**v.**

**REVERE COPPER & BRASS, INCORPORATED, Bedford Assets Corporation, Massachusetts Capital Resource Company, and BayBank Norfolk County Trust Company, Defendants.**

**Bankruptcy No. 86–11403–HAL. Adv. No. 87–1037.**

United States Bankruptcy Court, D. Massachusetts.

June 24, 1987.

John F. Cullen, Cullen & Resnick, Steven B. Levine, Brown, Rudnick, Freed & Gesmer, Boston, Mass., plaintiff/trustee and counsel to trustee.

Donald F. Farrell, Jr., Looney & Grossman, Boston, Mass., for debtor.

Michael Sharon, Nutter, McClennon & Fish, Boston, Mass., for Revere Copper & Brass, Inc. & Bedford Assets Corp.

Steven T. Greene, Riemer & Braunstein, Boston, Mass., for BayBank Norfolk County Trust Co.

William F. McCarthy, Ropes & Gray, Boston, Mass., for Massachusetts Capital Resource Co.

## DETERMINATION OF MARSHALLING RIGHTS

HAROLD LAVIEN, Bankruptcy Judge.

The debtor filed its Chapter 11 on September 29, 1986. The case has since been converted to a Chapter 7. The parties have stipulated to the facts, and only those immediately relevant at this time are summarized. The debtor's assets have been sold and the proceeds can be segregated into two groups, real property and personalty, both of which are encumbered by security interest. BayBank Norfolk County Trust Company ("BayBank") indisputably holds a first secured position in both the realty and personalty of the debtor. Next in line is Massachusetts Capital Resource Company ("M.C.R.C") which, pursuant to a stipulation approved by this Court on April 23, 1987, leaves open the question of M.C.R.C. and Bedford Assets Corporation ("B.A.C.")-Revere Copper & Brass, Incorporated's ("Revere") treatment. M.C.R.C. and B.A.C.-Revere each held security interests in both the realty and personalty. The trustee concedes the validity of their secured position in the realty; however, both concede the merit of the trustee's challenge to their U.C.C. filing as a preference under 11 U.S.C. § 547(b)(4)(A).

■ As a result of M.C.R.C. and B.A.C.-Revere's voided preferential transfer, the trustee steps into their shoes under 11 U.S.C. § 551, which allows the trustee to preserve the voided security for the benefit of unsecured creditors. The trustee's right as a junior lienholder is governed by state law *In re Center Wholesale, Inc.*, 788 F.2d 541 (9th Cir.1986); *In re Center Wholesale,*

*Inc.*, 759 F.2d 1440 (9th Cir.1985); *Spectra Prism*, 28 B.R. 397 (Bankr.App. 9th Cir. 1983). The trustee and defendants, M.C.R.C. and B.A.C.-Revere, are each urging the Court to order marshalling against the other's interest. Massachusetts law recognizes the right of a junior lien creditor to invoke marshalling, *Charles Construction Company, Inc. v. Leisure Resources, Inc.*, 1 Mass.App.Ct. 755, 307 N.E.2d 336 (1974). Bankruptcy Courts are empowered to apply the equitable remedy of marshalling, *In re Goodman Industries, Inc.*, 21 B.R. 512 (Bankr.Mass.1982); *In re Jack Green's Fashions for Men—Big and Tall, Inc.*, 597 F.2d 130 (8th Cir.1979).

■ Of course, marshalling can only be successfully invoked in limited circumstances, one of which is that both funds are held by the debtor. It is an equitable remedy and, if instituted, should be fashioned to promote fairness between the parties. A concise definition of the parameters under which marshalling may be properly invoked is found in *Charles Construction Co., Inc. v. Leisure Resources, Inc.*, 1 Mass.App.Ct. 755, 760, 307 N.E.2d 336 (1974).

> Under the equitable doctrine of marshalling, a senior encumbrance whose claim is secured by two funds, one of which is also claimed by a junior creditor, may be required to pursue his claim against the fund not subject to the encumbrance of another provided he may do so without detriment to himself.

The trustee, M.C.R.C., and B.A.C.-Revere are equally positioned as junior security holders. One party will directly benefit from an order marshalling the senior secured parties away from its assets while the other will, in turn, be correspondingly injured.

■ The Court's decision must be guided by the equitable underpinnings of marshalling. As such, the Court notes another statement by the court in *Charles Construction Co., Inc. v. Leisure Resources, Inc.*, at 761, 307 N.E.2d 336:

> As between the bank which knew about and participated in the destruction of a part of the security and *Charles* which

did not, we are of the opinion that the loss should be borne by the former, which acquiesced therein and without whose participation it would not have occurred.

The facts of *Charles Construction Co.* are distinguishable from the case at hand, however, the above quote is noteworthy for the instructions it offers as to the effect the earlier actions of the parties should have on the Court's decision. In the matter at hand, M.C.R.C. and B.A.C.-Revere failed to make their U.C.C. filings for nearly three years following the debtor's official change of name. U.C.C. § 9–402(7). It is only because of this failing that the trustee now holds their previous position of junior secured lienholder on the debtor's personal property.

If this Court were to allow marshalling in M.C.R.C. and B.A.C.-Revere's interest, then it would effectively render meaningless the trustee's preference voiding powers. M.C.R.C. and B.A.C.-Revere would end up similarly situated whether or not the trustee voided their preferential transfer instead of now standing in their preferred position as consensual junior lienors on the personal property.

In this case, the trustee has exercised his power and voided the preferential transfer received by M.C.R.C. and B.A.C.-Revere. He now occupies their earlier position of junior lienholder on the debtor's personal property. This would all be a futile exercise, if his position as junior lienholder is ignored by the Court. If the powers given the trustee in 11 U.S.C. §§ 547 and 551 are to be meaningful, then he must be allowed to maintain the benefits of his position and institute the primary marshalling against BayBank as against a secondary contrary claim by B.A.C. and Revere.[1]

BayBank, is required to collect its obligation from the real estate by virtue of the preserved voided lien on the personality which gives the trustee status as junior secured creditor. Between B.A.C.-Revere

and M.C.R.C., B.A.C.-Revere having stipulated to the subordination of its claim to M.C.R.C., its position in the division of proceeds is junior to M.C.R.C.

The real estate produced $2,618,000.00 of which $1,977,069.12 will be used to pay BayBank, leaving $640,093.88 for M.C.R.C.'s second position, whose undisputed claim is $691,703.82, leaving a balance of $50,772.12 as an unsecured claim. Since the real estate proceeds have been exhausted and B.A.C.-Revere's security interest only runs to the real estate, its claim of $803,932.40 is unsecured except insofar as these claims may be utilized by the trustee to trigger the preserved personal property voided liens of M.C.R.C. and B.A.C.-Revere.

The personal property produced a sale price of $1,243,874.64. The trustee, as holder of M.C.R.C. and B.A.C.-Revere's security interest in the personalty has a secured claim of $854,704.52 ($50,772.12 and $803,932.40), leaving $389,170.12.

The junior secured creditors on the real estate have a secondary right to marshalling subject to the trustee's primary right which has been exercised. As a result, BayBank now is required to further marshall its payments to the extent of the surplus in the personalty proceeds of $389,107.12. This frees up that corresponding amount in the real estate for which M.C.R.C. and B.A.C.-Revere have valid secured claims. M.C.R.C. receives an additional $50,772.12 out of the real estate proceeds and B.A.C.-Revere receive $338,335.00 out of real estate proceeds.

The trustee shall prepare an order in accordance with Local Bankruptcy Rule 41(D).

---

1. The Court refrains from considering the potential effects of the trustee's attempts to marshal under his status as hypothetical lien creditor, under 11 U.S.C. § 544. Here, the trustee's powers to require marshalling is based on his status as a junior lienholder. However, *see, In re Center Wholesale, Inc.,* 788 F.2d 541 (9th Cir.1986); *In re Center Wholesale, Inc.,* 759 F.2d 1440 (9th Cir.1985); *In re Spectra Prism,* 28 B.R. 397 (Bankr.App. 9th Cir.1983).