In re **MID CAPE GRAIN, INC.,** Debtor.

**ARGUS MANAGEMENT CORPO-
RATION, Trustee of the Mid
Cape Trust, Plaintiff,**

v.

**FIRST NATIONAL BANK OF
BOSTON, Defendant.**

**Bankruptcy No. 93–13167–WCH.
Adv. No. 95–1064.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 17, 1995.

---

Jeffrey M. Snider, Boston, MA, for trustee.

Gary W. Cruikshank, Boston, MA, for Hall Karts, Inc.

Frederick D. Grant, Jr., Boston, MA, for Austin E. Nydam.

## DECISION REGARDING MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

WILLIAM C. HILLMAN, Bankruptcy Judge.

This adversary proceeding seeks an order requiring the marshaling of assets. The facts more fully appear in the following discussion, which constitutes my findings of fact and conclusions of law.

The Debtor, Mid Cape Grain, Inc. ("Mid Cape") filed for protection under Chapter 11 of the Bankruptcy Code. The First National Bank of Boston ("Bank") holds a valid and perfected first security interest in assets of the corporation. The loan is guarantied by Austin E. Nydam, who is the President and sole stockholder of Mid Cape ("Nydam"). The guaranty is secured by a third mortgage on Nydam's real property located at 500 Depot Street, North Harwich, Massachusetts (the "Property"). Hall Karts, Inc. ("Hall") is the holder of an interest in the Property, by virtue of an execution issued by the Orleans District Court. The execution is junior to the Bank's mortgage.

The First Amended Plan of Reorganization ("Plan") was confirmed on May 23, 1994. It calls for the funding of a trust by the debtor, with the Trustee to make distributions to the unsecured creditors on a *pro rata* basis. Argus Management Corporation ("Argus") has been appointed trustee and in that capacity has brought the within marshaling action. I permitted Nydam and Hall to intervene.

To put the matter in the proper perspective, Argus seeks to require the Bank to proceed first against the Property and reduce its claim as a secured creditor against Mid Cape's assets by the amount realized. It is agreed that there is equity in the Property, but not sufficient to pay the Bank's claim in full.

Before me today are motions for summary judgment filed by Argus and motions to dismiss filed by Nydam and Hall.

The primary issues raised by the parties are whether Argus has authority to bring this action and if so, whether the prerequisites for the invocation of marshaling are met. I will deal with the latter issue first.

 Marshaling has its roots in equity. The doctrine can be stated as follows:

"Where two or more creditors seek satisfaction out of the assets of their debtor, and one of them can resort to two funds whereas another creditor has recourse to only one of the funds—for example, where a senior or prior mortgagee has a lien on two parcels of land, and a junior mortgagee has a lien on but one of the parcels—the former may be required to seek satisfaction out of the fund which the latter creditor cannot touch...."

53 Am.Jur.2d, *Marshaling Assets* § 1 (1970). *See also In re T.H.B. Corporation,* 85 B.R. 192, 196 (Bankr.D.Mass.1988). The standard can only be modified in cases of egregious conduct. *Id.* If marshaling is the proper remedy, the doctrine shall be applied so as to promote fairness between the parties. *Cullen v. Revere Copper & Brass, Inc. (In re Paulding),* 76 B.R. 7, 8 (Bankr.D.Mass.1987).

In this case there is no common debtor. The two pools of assets to which the Bank may resort are owned respectively by the Debtor and Nydam. To avoid that problem, Argus urges me to to adopt the technique used in *Berman v. Green (In re Jack Green's Fashions for Men—Big and Tall, Inc.),* 597 F.2d 130 (8th Cir.1979). That decision allows marshaling to require a senior lienholder to pursue the guarantor first where the guarantor was the controlling stockholder of the primary corporate debtor. The court elected to treat the principal's guaranty as akin to a capital contribution to the corporate debtor.

I find *Green* unpersuasive. Further, this is a state law issue upon which I should follow the Massachusetts precedents. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In similar circumstances, the Supreme Judicial Court has refused to impose marshaling. *Carter v.*

*Tanners Leather Co.,* 196 Mass. 163, 81 N.E. 902 (1907), followed in *In re T.H.B. Corporation, supra.* Other courts have also declined to follow *Green. See Chittenden Trust Company v. Sebert Lumber Co. (In re Vermont Toy Works),* 82 B.R. 258, 315–316 (Bankr. D.Vt.1987), *rev'd on other grounds* 135 B.R. 762 (D.Vt.1991); *Peoples Bank v. The Computer Room, Inc. (In re The Computer Room, Inc.),* 24 B.R. 732, 735 n. 5 (Bankr. N.D.Ala.1982); *Federal Land Bank v. Tidwell (In re McElwaney),* 40 B.R. 66, 72 n. 10. (Bankr.M.D.Ga.1984). *See also In re Robert E. Derecktor of Rhode Island, Inc.,* 150 B.R. 296, 300 (Bankr.D.R.I.1993).

Having found that Argus cannot prevail in its attempt to marshal the assets, there is no need to consider its standing to maintain this action.

Argus' motion for summary judgment is denied. The motions to dismiss are granted. An appropriate order will enter.