**In re Robert F. PRAY, Debtor.**

**Bankruptcy No. 98–16365–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 20, 1999.

---

Stephen E. Shamban, Braintree, MA, for debtor.

Roger Stanford, New Bedford, MA, for Jawa.

William Billingham, United States Trustee, Marshfield, MA, for Chapter 7 Trustee.

### MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS PURSUANT TO 11 U.S.C. § 522

CAROL J. KENNER, Bankruptcy Judge. .

The issue presented by the debtor's motion to avoid judicial liens is whether a judicial lien creditor may raise the equitable doctrine of marshaling as a defense. Because a marshaling order is premature in the absence of an actual liquidation, and for the other reasons set forth below, the Court concludes that the defense is not available against the debtor's motion pursuant to section 522(f)(1) of the Bankruptcy Code. The Court therefore holds that the creditor's judicial lien fully impairs the debtor's exemption under the statutory formula and is void in its entirety.

### FACTS

This matter comes before the Court on the motion by the Chapter 7 debtor, Robert Pray ("Pray"), to invalidate four judicial liens on his residence. Only one creditor, American Jawa Limited ("Jawa") filed an objection, on which the Court held a hearing May 4, 1999. The parties subse-

quently filed a stipulation laying out the following facts.

Pray owns two pieces of real property as a tenant by the entirety with his non-debtor wife, Barbara. The first, his residence, is located at 75 Wheaton Avenue, Rehoboth, Massachusetts and is valued at $175,000 ("Residence"). The second, a rental property, is located at 43 Baptist Street, Swansea, Massachusetts and is also valued at $175,000 ("Rental Property"). The parties do not dispute that there is a valid $100,000 homestead exemption on the Residence.[1]

The Residence is subject to three consensual mortgages that total $85,195.17. The first two mortgages are in favor of Citizen's Union Savings Bank ("Bank") and have a present balance of $20,222.01 and $16,155.25 respectively. The third mortgage, in favor of Financial Enterprises Corporation ("Financial"), has a present balance of $48,917.91. All three mortgages were granted prior to the attachment of Jawa's lien.

Three judicial lien creditors also make claim to the Residence. Wheel Horse Products, Inc., who has not filed an objection to the pending motion, has an execution for $46,695.97 dated April 22, 1986. Koyker Manufacturing Co., who also failed to object, has an attachment for $23,000 recorded on May 4, 1995 and an execution of $25,062 dated September 6, 1995.[2] Jawa, the only objecting creditor, has two attachments, both for $365,000 and both recorded on July 6, 1995. Jawa admits the attachments are duplicates, and that it is entitled to only one recovery totaling $365,000.

The Rental Property is also encumbered. It is subject to two consensual mortgages and two judicial liens. Financial holds a first and second mortgage with present balances of $74,499.40 and $48,-917.91 respectively. In addition, the Rental Property is subject to an attachment of $365,000 in favor of Jawa and an execution of $25,062 in favor of Koyker Manufacturing, Inc. Both mortgages were granted prior to attachment of the judicial liens.

Apart from the first mortgage on the Rental Property, Financial has one claim of $50,500 that is secured by two mortgages: the third mortgage on the Residence and the second mortgage on the Rental Property. Both mortgages were signed on January 27, 1994. Both contain an acknowledgment that they are given jointly as additional collateral together with the other mortgage. Similarly, Jawa has a single claim of $365,000 that is secured by an attachment in that amount on the Residence and the Rental Property. Koyker Manufacturing's claim is also secured by both properties. The parties do not dispute the validity of the mortgages or that the judicial liens are properly recorded.

Because there is no equity for the bankruptcy estate in either the Residence or the Rental Property, the Chapter 7 trustee filed a Report of No Distribution. The two mortgagees have not filed a motion for relief from stay nor have they responded to the present motion. Pray has not indicated an intent to liquidate either the Residence or the Rental Property nor is he seeking to avoid any of the liens on the Rental Property.

Pray and Jawa agreed that an evidentiary hearing is not necessary and rested on their submitted briefs and pleadings.

## DISCUSSION

A direct application of the lien avoidance formula in § 522(f)(2)(A) of the Bankruptcy Code compels avoidance of all

---

1. Pray elected exemptions available under state law, *see* 11 U.S.C. § 522(b)(2), and thus claims the exemption pursuant to Massachusetts General Laws c. 188, § 1. He recorded his Declaration of Homestead on January 25, 1995 at Book 6262 Page 175 in the Bristol County Registry of Deeds for the Commonwealth of Massachusetts.

2. The attachment preceding the execution relates to the same civil action and is to that extent, duplicative.

the judicial liens on Pray's Residence.[3] The formula provides that "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). Section 522(f)(2)(B) further provides that "[i]n the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens." 11 U.S.C. § 522(f)(2)(B). Although the statute does not explicitly address the priority of the liens included in the calculation, most courts apply the formula consecutively, starting with the most junior of the judicial liens and avoiding one judicial lien (or part thereof) at a time, until the formula indicates no further impairment exists. *See Dolan v. D.A.N. Joint Venture et al. (In re Dolan)*, 230 B.R. 642, 647 (Bankr.D.Conn.1999) *citing F.D.I.C. v. Finn (In re Finn)*, 211 B.R. 780, 783 (1st Cir. BAP 1997); *Bank of America Nat'l Trust & Savings Ass'n v. Hanger (In re Hanger)*, 217 B.R. 592, 595 (9th Cir. BAP 1997) ("Applying the formula requires that the liens be subtracted in order of reverse priority . . .").

In this case, applying the formula, Jawa's $365,000 lien fully impairs Pray's exemption. This is so even if the Court relies on the favorable numbers urged by Jawa, thereby disregarding the senior Wheel Horse Products lien, assuming Pray has a full ownership interest in the Residence,[4] and omitting apparently duplicative attachments. Using Jawa's numbers, the sum of Jawa's lien ($365,000), all other liens on the Residence ($20,222.01 + $16,155.25 + $48,917.01 + $25,062) and the amount of Pray's exemption ($100,000) exceeds the (stipulated) value of the Residence ($175,000) by $400,356.27. Thus Jawa's $365,000 lien fully impairs Pray's exemption and can be avoided in full. *See East Cambridge Savings Bank v. Silveira (In re Silveira)*, 141 F.3d 34, 38 (1st Cir. 1998) (clarifying manner in which to apply statutory formula); *In re Finn*, 211 B.R. at 783 (applying formula). This is so even if Jawa were deemed to have the only judicial lien on the property. There sim-

---

3. The parties do not specifically address whether the execution in favor of Wheel Horse Products, Inc. is subject to full or partial avoidance. The lien is the earliest encumbrance of record on the Residence, preceding the first mortgage by about one year. For purposes of this motion, however, the Court need not decide if there is any merit to the argument that a debtor can not use § 522(f) to avoid a judicial lien which attaches prior to the consensual liens if there is pre-petition equity in the residence. *See e.g., Simonson v. First Bank of Greater Pittston (In re Simonson)*, 758 F.2d 103 (1985) *superseded by statute as stated in In re Macy*, 192 B.R. 802 (Bankr.D.Mass.1996) (priority position of judgment liens could not be preserved so as to give debtor's exemption priority over second mortgage where judgment liens were sandwiched between first and second mortgage); *Dolan v. D.A.N. Joint Venture et al. (In re Dolan)*, 230 B.R. 642 (Bankr.D.Conn.1999). Wheel Horse Products, Inc. has not objected to Pray's motion. The Debtor does not challenge the validity of Wheel Horse's lien under state law. As discussed *infra*, under the plain language of section 522(f)(2)(A), the Wheel Horse Products lien fully impairs Pray's exemption and is therefore void in its entirety. Likewise, the Court does not render any judgment as to the validity of the Wheel Horse Products lien at state law.

4. Pray owns the Residence as a tenant by the entirety with his wife. Jawa argues that this is a pre–1980 tenancy by the entireties and is therefore governed by the predecessor of the current state law under which the husband was treated as the owner of the entire equity for purposes of bankruptcy. *See In re Snyder*, 66 B.R. 886 (Bankr.D.Mass.1986); *In re Oliver*, 38 B.R. 407 (Bankr.D.Mass.1984). According to Jawa, Pray's interest in the Residence would therefore be $175,000 instead of $87,500 as present law might arguably require. *But see In re Snyder*, 231 B.R. 437, 444 (Bankr.D.Mass.1999) (holding that the extent of a debtor's interest in property held in a tenancy by the entirety with a non-debtor spouse is indeterminate until the tenancy is terminated).

ply is no equity in the Residence beyond the three consensual mortgages and Pray's valid exemption.

To avoid this result, Jawa raises a creative defense: the equitable doctrine of marshaling. According to Jawa, the results of an hypothetical liquidation vary under § 522(f)(2)(A) depending on which property is sold first. If this Court were to marshal Pray's assets and require Financial to rely first on the Rental Property in satisfaction of its $48,917.91 debt, then Financial's third mortgage on the Residence would be fully paid and would not count for purposes of the § 522(f) calculations. Doing so leaves enough equity in the Residence above the remaining mortgages and Pray's exemption so as to only partially avoid Jawa's attachment. The calculations would be as follows: the amount of the targeted Jawa lien ($365,000) plus all other liens on the property not including Financial's third mortgage ($20,222.01 + $16,155.25) + Pray's exemption ($100,000) exceed the value of Pray's interest in the Residence ($175,000) by $326,377.26 which is the amount of impairment. Because the impairment of $326,177.26 does not exceed Jawa's lien of $365,000, the lien can only be avoided to the extent of impairment, i.e., to the extent of $326,177.26. Using these numbers, Jawa would have a retained lien in the reduced amount of $38,622.74.[5]

■ The equitable doctrine of marshaling exists for the benefit of junior creditors. It arises in situations where two or more creditors claim against one debtor, and the first creditor can reach two properties held by the debtor whereas the second creditor can reach only one property. *See Matter of Beacon Distributors, Inc.*, 441 F.2d 547, 548 (1st Cir.1971) *citing Meyer v. United States*, 375 U.S. 233, 236, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *see also Argus Mgmt. Corp. v.*

*First Nat'l Bank of Boston (In re Mid Cape Grain, Inc.)*, 185 B.R. 403, 404 (Bankr.D.Mass.1995); *In re Borges*, 184 B.R. 874, 879–80 (Bankr.D.Conn.1995); *In re Robert E. Derecktor of Rhode Island, Inc.*, 150 B.R. 296, 299 (Bankr.D.R.I.1993); *In re Atlas Commercial Floors, Inc.*, 125 B.R. 185, 187–88 (Bankr.E.D.Mich.1991); *In re Luby*, 89 B.R. 120, 125 (Bankr.D.Or. 1988); *Broadway Nat. Bank of Chelsea v. Hayward*, 285 Mass. 459, 463, 189 N.E. 199 (1934). In such cases, marshaling allows the junior creditor to compel the senior creditor to resort first to the property which cannot be reached by the junior creditor. *See Beacon Distributors*, 441 F.2d at 548. The doctrine rests on the principle that "a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell v. Federal Reserve Bank of Dallas, Texas*, 268 U.S. 449, 456–57, 45 S.Ct. 528, 69 L.Ed. 1041 (1925); *see also Beacon Distributors*, 441 F.2d at 548–49 (reviewing history of doctrine). Its purpose is to prevent a senior lienor from arbitrarily destroying the rights of a junior lienor or a creditor having less security.[6] *See Meyer*, 375 U.S. at 237, 84 S.Ct. 318.

■ To invoke marshaling, a junior lienor must establish three elements: (1) two secured creditors with a common debtor; (2) two funds or assets belonging to the debtor; and (3) the right of the senior creditor to satisfy its claim from both funds, while the other creditor may resort to only one. *See Duck v. Wells Fargo Bank Nat'l Ass'n (In re Spectra Prism Indus., Inc.)*, 28 B.R. 397, 399 (9th Cir. BAP 1983); *In re Mid Cape Grain, Inc.*, 185 B.R. at 404; *Derecktor of Rhode Island*, 150 B.R. at 299. Because marshaling is fundamentally an equitable doctrine, imposition of the marshaling order may not cause prejudice to third parties of

---

5. These calculations assume that the Koyker Manufacturing lien of $25,062, being last in time to record would be first in line to be void.

6. A bankruptcy court has the authority to order the marshaling of funds under its equity jurisdiction. *See Derecktor of Rhode Island*, 150 B.R. at 299 *and cases cited therein*.

equal or superior equity position.[7] *See Meyer*, 375 U.S. at 237, 84 S.Ct. 318. The doctrine is appropriately raised as an affirmative defense to a foreclosure or other collection action taken by a senior lienholder. *See In re Borges*, 184 B.R. at 880 (doctrine generally invoked in connection with orderly liquidation of estate assets); *Derecktor of Rhode Island*, 150 B.R. at 300 (marshaling preserves collateral for junior secured creditor by court established order of distribution); *MARSHALING ASSETS AND INVERSE ORDER OF ALIENATION*, 53 Am. Jur.Marsh.A. § 1 (1996).

■ At the outset, the Court notes that a marshaling order is premature in this case because there is no impending liquidation of the Residence or the Rental Property. Neither the senior lienholders or the trustee have proposed a sale of either collateral. Nor has Pray himself shown any intent to liquidate. Marshaling is an equitable doctrine used in defense against arbitrary action by a senior lienholder. Here, there is no action by either the Bank or Financial, the two mortgagees on the Residence. The request for a marshaling order is therefore premature—the time for Jawa to show it is entitled to marshaling is when realization out of the security is sought. *See In re Borges*, 184 B.R. at 880.

The reasons for this restriction are clear. It would be a denial of due process for this Court to enter a marshaling order affecting the rights of the Bank and Financial in their absence. *See In re Luby*, 89 B.R. at 124–25. This Court is without power to subvert the contractual state law priorities of essential parties to such a determination without their presence. *See id.* (concluding that marshaling order is inappropriate as a defense to lien avoidance motion because consensual mortgagees are rarely parties to the action). Financial bargained for two pieces of real property as security for its loan to Pray. Equity does not allow this Court to simply ignore the fruits of that bargain for purposes of preserving a subsequently recorded involuntary lien. *See id.; see also In re Derecktor*, 150 B.R. at 300.

■ But even if this Court were to consider Jawa's marshaling defense on the merits, the defense is not applicable. Because Jawa, like the senior lienholders, has recourse to *both* the Residence and the Rental Property, the doctrine of marshaling is inapplicable on its face. *See In re Borges*, 184 B.R. at 881. There is no creditor in this case who has security for its debt on only one fund. Therefore the third essential prerequisite for marshaling is not met. *See id.* Jawa's claim is secured by both properties—there is no ground on which to require Financial to seek satisfaction from only one of two assets when Jawa itself has recourse to both. And this comports with bankruptcy policy. Pray's exemption is protected from the judicial lien and his fresh start preserved while Jawa retains full recourse against the non-exempt Rental Property.

And although one might argue that Jawa meets the third element of marshaling because its lien is subject to avoidance under § 522(f), this argument assumes what it is trying to prove. Jawa raises the doctrine of marshaling as a defense to the lien avoidance motion itself. At the time at which the Court must consider whether the marshaling elements are met, Jawa like Financial, is secured by two funds. It is only *after* the Court applies the statutory formula and (if appropriate) grants the debtor's motion that Jawa is rendered secured by only one fund.

■ The circularity of Jawa's argument becomes more apparent when the argument is taken to its logical conclusion. If marshaling were appropriate as a de-

---

**7.** For a discussion of marshaling as most commonly used in bankruptcy, *see In re Borges*, 184 B.R. at 879 n. 3. The Court notes that Jawa cites no case authority in favor of its argument, although numerous cases discussing the applicability of marshaling in bankruptcy exist.

fense against lien avoidance, § 522(f)(2)(A) would be ineffective whenever a lien creditor faces an avoidance action in the presence of a senior mortgagee with more than one piece of collateral and insufficient equity to cover both the mortgage and the judicial lien on the debtor's residence. But this is precisely the circumstance in which Congress intended to preserve the debtor's exemption by rendering the judicial lien void. Equity does not allow this Court to alter application of the statutory formula to preserve a judicial lien and impair the debtor's exemption simply by issuing a marshaling order based on a hypothetical, future sale of assets. The Court therefore rejects Jawa's attempt to use marshaling as a defense against Pray's lien avoidance motion.

Based on all of the foregoing, the Motion of Debtor to Avoid Judicial Liens Pursuant to 11 U.S.C. § 522 is GRANTED, and the Opposition of American Jawa to the Debtor's Motion To Avoid Judicial Liens is OVERRULED. A separate judgement will enter. accordingly.

### ORDER ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS PURSUANT TO 11 U.S.C. § 522

The Debtor having moved under 11 U.S.C. § 522(f) to avoid judicial liens in favor of creditors Wheel Horse Products, Inc., Koyker Manufacturing, Inc., and American Jawa Ltd., insofar as the liens attach to real property belonging to the Debtor and located at 75 Wheaton Avenue, Rehoboth, Massachusetts; no opposition having been filed by Wheel Horse Products, Inc. or Koyker Manufacturing, Inc., and the opposition by American Jawa, Ltd. having been overruled by this Court; and the motion having stated good cause for the relief requested;

It is hereby ORDERED, ADJUDGED and DECLARED that the motion is allowed and that pursuant to 11 U.S.C. § 522(f)(1) and § 522(f)(2)(A), the judicial liens in favor of Wheel Horse Products, Inc.; Koyker Manufacturing, Inc.; and American Jawa Ltd.; are hereby avoided in their entirety and shall be of no effect insofar as they constitute liens on the real property belonging to the debtor, Robert Pray, and located at 75 Wheaton Avenue, Rehoboth, Massachusetts.